## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

FILED

2012 AUG 17 P 12: 14

U.S. DISTRICT COURT
BRIDGEPORT, CONN

3:12 CV1205 AVC

Jason Goode,
    Plaintiff,

VS.

Angel Quiros, Stephen Faucher,
Lauren Powers, Brian Siwicki,
Tony Williams, James Sharp,
Michael Pafumi, Jon Donovan,
Mike Jones, David OrtyL,
Marlone Massop, David Anaya,
Wendy Sanders, and
Shannon Lawrence,
    Defendants.

## Complaint

## Introduction

    This is a civil rights action filed by Jason Goode, a state prisoner, for damages and declaratory relief under 42 U.S.C. §1983, alleging excessive and unnecessary use of physical force and assault, and the unnecessary use of mechanical restraints against the plaintiff by defendant prison officials under an

unlawful practice at the plaintiff's correctional institution which permits the unnecessary, unreasonable and extended use of restraints on inmates in violation of the plaintiff's Eighth Amendment rights under the United States Constitution to be free from cruel and unusual punishment.

<u>Jurisdiction</u>

1.) The court has jurisdiction of the plaintiff's claims of violations of federal constitutional rights under 28 U.S.C. §§ 1331(a) and 1343(a)(3) and under 42 U.S.C. §1983.

<u>Parties</u>

2.) The plaintiff, Jason Goode, was and is, at all times relevant herein, a sentenced inmate in the care and custody of the Connecticut department of correction, at: Northern correctional institution 287 Bilton Road Somers, Connecticut 06071.

3.) Defendant, Angel Quiros, was, at all times relevant herein, the warden of the Connecticut department of correction, Northern correctional Inst.

· 2 ·

at: 287 Bilton Road Somers, CT 06071. He is sued in his individual capacity only.

4.) Defendant, Stephen Faucher, was and is, at all times relevant herein, the deputy warden of operations at the Connecticut department of correction, Northern correctional institution, at: 287 Bilton Road Somers, CT 06071. He is sued in his individual capacity only.

5.) Defendant, Lauren Powers, was, at all times relevant herein, a deputy warden of programs and treatment at the Connecticut department of correction, Northern correctional institution, at: 287 Bilton Road Somers, CT 06071. She is sued in her individual capacity only.

6.) Defendants Brian Siwicki, Tony Williams, James Sharp and Michael Pafumi, were and are, lieutenants at the Connecticut department of correction, Northern correctional institution, at: 287 Bilton Road Somers, CT 06071. They are sued in their individual capacities only.

7.) Defendants, Jon Donovan, Mike Jones, David OrtyL, Marlone Massop, and David Anaya, were, at all times relevant herein, correctional officers (c/o's) at the connecticut department of correction, Northern correctional institution, at: 287 Bilton Road Somers, CT 06071. They are sued in their individual capacities only.

8.) Defendants, Wendy Sanders and Shannon Lawrence, were and are, at all times relevant herein, medical nurses with the university of connecticut health center, correctional managed health care (C.M.H.C.) division at the connecticut department of correction, Northern correctional institution, at: 287 Bilton Road Somers, CT 06071. They are sued in their individual capacities only.

9.) At all times relevant to this complaint, each of the defendants were acting under color of state law, that is, under the constitution, statutes, laws, regulations, customs and usages of the state of connecticut.

# Facts

## Excessive and Unnecessary use of Physical Force & Assault

10.) On September 14, 2009 in the 1-East unit, Cell # 107 at Northern correctional institution, a cell extraction team consisting of the following officers and lieutenants entered the plaintiff's cell: officer's Donovan, Jones, OrtyL, Massop, Anaya, and both lieutenants Siwicki and Williams. All members of this extraction team wore face masks and body armor which concealed their identity at that time.

11.) Upon the extraction teams entry into the cell, the plaintiff was standing sideway against the rear wall of the cell; the plaintiff was calm, fully compliant and non resistant with defendant officers and lieutenants at all times upon their entry into the cell, and the plaintiff was immediately brought to the floor and handcuffed.

12.) During and after the time that plaintiff was brought to the floor, the defendant officers pulled the plaintiffs hair on his head with such force that the plaintiffs hair was pulled out of his skull.

13.) During and after the time that plaintiff was brought to the floor, the defendant officers yanked, pulled and twisted the plaintiff's genitals, causing the plaintiff extreme pain.

14.) After the plaintiff was on the floor and secure in handcuff's, the defendant officers repeatedly slammed the plaintiff's head and face against the concrete floor, causing him pain and physical injury.

15.) After the plaintiff was on the floor and secure in handcuff's, both defendant lieutenants Siwicki and Williams sprayed the plaintiff in his eyes, mouth, face and body with chemical agent; both lieutenants literally soaked the plaintiff with chemical agent.

16.) Not once, during the entire time that the cell extraction team enter the plaintiff's cell, did any of the defendant officers or lieutenants intervene to stop the other defendants from using excessive and unnecessary physical force on the plaintiff.

17.) The plaintiff suffered physical injuries from the assaults by the defendants as follows: Clumps of hair were pulled out of plaintiff's head leaving open, tender areas on his skull; Plaintiff experienced severe pain from having his genitals yanked and twisted; Plaintiff sustained a deep gash to his temple area along with bruising and swelling to his left eye socket; Plaintiff experienced long term injury from his head trauma to include headaches, episodes of dizziness and blurred vision; and lastly the plaintiff suffered tremendous pain from being drenched with chemical agent, along with days worth of blurred vision, burning of his eyes and skin, and several hours with difficulty breathing and speaking without coughing and being choked with nausea.

## Deliberate Indifference through Denial of Medical Services / Excessive & Unnecessary Use of Mechanical Restraints & Bodily Torture

18.) The plaintiff was checked by defendant Nurse Sanders after being assaulted and injured by the defendant officers and lieutenants as detailed in paragraphs 12-17 herein.

.7.

19.) Defendant Sanders acted with deliberate indifference to the plaintiffs health and safety by failing to take necessary measures to arrange for him to be thoroughly decontaminated from his substantial exposure to chemical agent before allowing him to be taken again by prison custody staff.

20.) The deliberate indifference and reckless disregard by defendant Sanders resulted in the plaintiffs continued pain and further suffering from his exposure to chemical agent, in that, the plaintiff was left to suffer for days thereafter due to the failure of defendant Nurse Sanders to properly decontaminate him.

21) The plaintiff was then escorted to the medical unit and placed on In-Cell-Restraint-Status at the direction of defendant Lt. Siwicki ; In-Cell-Restraint-status being a status in which the plaintiff is locked in a cell with his hands handcuffed before him, his legs secure in leg-irons and a tether-chain connected between the handcuffs and leg-irons.

22.) Throughout the next 49 hours—from 9/14/09 at approximately 3:45 p.m. until approximately 5:00 p.m. on 9/16/09—the plaintiff was kept chained up in mechanical restraints within a closed cell while he was calm, quiet, coopertive, not assaultive, not self-injurious and not threatening or disruptive in any way.

23.) Defendant prison supervisory officials witnessed the calm, non disruptive plaintiff in a closed cell in mechanical restraints during the next 49 hour time period as detailed in the following lettered paragraphs:

A. On the morning of 9/15/09 defendants Quiros, Faucher and Powers came into the medical unit and witnessed the calm plaintiff chained up in restraints in medical, cell#1, and defendant Quiros actually held a conversation with the plaintiff at the cell door while defendants Faucher and Powers stood listening;

B. On 9/15/09 at approximately 10:00 a.m. defendant lieutenant Pafumi supervised the escort of the plaintiff from medical unit, cell#1 to cell#103 of the 1-East unit where the plaintiff remained on the restraint status;

.9.

C. On 9/15/09 defendants Siwicki and Williams both stopped on 2 separate occasions during the 2nd shift (3pm -11pm) to speak with and/or check on the calm plaintiff while he was locked in cell #103 on restraints

D. On 9/16/09 at approximately 11:00 a.m. defendant lieutenant Sharp walked through the 1-East unit and witnessed the calm plaintiff chained up in restraints in cell #103.

24) Based upon their observations as detailed in paragraph 23 (a), (b), (c), and (d) herein, defendant supervisory officials Quiros, Faucher, Powers, Siwicki, Williams, Pafumi and Sharp knew that the plaintiff was calm, coopertive, quiet, not assaultive, not self-injurious and not disruptive or threatening, but they chose, deliberately, to disregard such information and failed to order or arrange from the plaintiff to be released from the mechanical restraints for over 49 hours. Their actions were intentional and inspired by malice.

25) On the night of 9/15/09 defendant Nurse Sanders deliberately failed and refused to perform a sufficient physical check of the plaintiffs restraints and she disregarded notice from the

·10·

plaintiff himself that his restraints were too tight and were cutting into the flesh of his ankles and wrists and preventing him from moving. Furthermore, defendant Sanders was aware of the obvious fact that the plaintiff was calm, but she failed to take any steps to release, or have the plaintiff released from the mechanical restraints.

26.) Also, on the night of 9/15/09, defendant nurse Sanders refused to administer the plaintiff's prescription eyedrops for the glaucoma of his eyes and informed the plaintiff that he "could do it himself," which was impossible because of the restraints which bound his limbs. This denial of prescription eyedrops, combined with the burning of his eyes from his earlier exposure to chemical agent and his denial of decontamination from such, caused the plaintiff severe pain and resulted in his near blindness during that time frame.

27.) On the morning of 9/16/09 defendant Nurse Lawrence deliberately failed and refused to perform a sufficient physical check of the plaintiff's restraints and she disregarded notice from the plaintiff himself that the restraints were too tight and were cutting into the flesh of his wrists and

ankles and preventing him from moving. Furthermore, defendant Lawrence was aware of the obvious fact that the plaintiff was calm, but she failed to take any measures to release, or have the plaintiff released from the mechanical restraints.

28.) Directly, due to his inability to move about the cell, unfast his clothing or see clearly, the plaintiff defecated and urinated on himself sometime during the afternoon of 9/15/09.

29.) The plaintiff told the following defendants on the following dates and times about his defecation and urination: defendants lieutenants Siwicki and Williams were notified by the plaintiff during their 2 separate 2nd shift unit tours/checks on 9/15/09; defendant Sanders was informed by the plaintiff on the night of 9/15/09 when she came to the cell door; and defendant Lawrence was informed by the plaintiff on the morning of 9/16/09 when she came to the cell door.

30.) Defendants Siwicki, Williams, Sanders and Lawrence deliberately disregarded the fact that the plaintiff had soiled himself with human waste on 9/15/09 and allowed him to remain soiled with human waste until he showered on 9/16/09.

·12·

31) The plaintiff suffered tremendously during the 49 hour time period that he was kept on the In-cell restraint's, in that, the handcuffs and leg-irons cut into the flesh of his wrists and ankles; the plaintiff could barely move about his cell to perform basic activities such as retrieving and eating meals, washing his hands, and disrobing and using the toilet; the plaintiff was nearly blind until early on 9/16/09 due to the continued affects of the chemical agent and his inability to use his eyedrops for his glaucoma; the plaintiff soiled himself with human waste on 9/15/09 and was not permitted to wash or change cloth's; and the plaintiff barely slept during these 49 hours due to the extreme pain of the tight restraints, the burning of his eyes and skin which was coated with chemical agent, and from the fact that he was messed with human waste.

## Deliberate Indifference To Unlawful Restraint Practice

32) On 7/15/09 - prior to his 49 hour torture on restraints from 9/14/09 until 9/16/09 - the plaintiff submitted a letter to defendant Powers, deputy warden of programs & treatment, complaining about the illegality of the In-cell-Restraint-status at Northern correctional institution and detailing the

many improprieties of such status. This letter asked that defendant Powers investigate the In-cell restraint status and take appropriate action to stop the illegal, improper use of this practice. Attachment · A ( pg. letter, dated 7/15/09, to deputy warden Powers from plaintiff.)

33.) Again, on 8/18/09 the plaintiff submitted a second written complaint to defendant Powers concerning the illegality and seemingly tortorous use of In-cell restraint status at Northern correctional institution. This letter/complaint again requested that the In-cell restraint status be reviewed and stopped or at least modified appropriately.

34.) Defendant Powers deliberately disregarded the complaints of the plaintiff as detailed in the foregoing paragraphs 32 and 33 herein, and failed to investigate, review or take any corrective action as a supervisory official in response to information indicating the illegal and improper use of In-cell restraint status at Northern correctional institution.

35) Directly, due to the deliberate indifference by defendant Powers and her failures to investigate, review or take corrective action in response to the plaintiff's complaints as detailed in paragraph's 33 and 34 herein, the plaintiff was chained up on In-Cell restraint status from 9/14/09 until 9/16/09 -49 hours- under an illegal, improper restraint practice which defendant deputy warden Powers had prior knowledge of and the means and authority to remedy.

## Exhaustion of Administrative Remedies

36) The plaintiff has exhausted all available administrative remedies concerning the claims raised herein as required by the Prison litigation reform act (PLRA). Attachment's·B (5 pg.'s of various complaints & grievances (pg.'s 3 & 5 double-sided) about the assault and use of restraints.); Attachments·C (2 pg.'s of complaints about the denial of medical services.)

# Claims For Relief

37.) The actions of defendants Siwicki, Williams, Donovan, Jones, Ortyl, Massop and Anaya in using excessive and unnecessary physical force against the plaintiff without need and after he was compliant and not posing a threat, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

38.) The failures of defendant Sanders in decontaminating the plaintiff from his exposure to chemical agent, and in refusing to administer the plaintiffs prescription eyedrops, constitutes deliberate indifference to the plaintiffs health and safety in violation of the Eighth Amendment of the United States constitution.

39.) The failure of defendants Quiros, Faucher, Powers, Siwicki, Williams, Pafumi, Sharp, Sanders, and Lawrence to release, or arrange for the plaintiff's release from in-cell restraint status for 49 hours while he was calm, and the actions of these defendants in refusing to perform proper restraint

checks and/or disregarding the fact that the plaintiff had soiled himself with human waste, constitutes deliberate indifference to the plaintiffs health, safety and well-being in violation of the Eighth Amendment of the United States Constitution.

40.) The failure of defendant Powers to investigate and take needed corrective action in response to information in July & August, 2009 indicating that In-cell restraint status at Northern C.I. was used as a method of punishment on inmates, constitutes deliberate indifference to the plaintiff's and other prisoners safety, and contributed to and proximately caused the violations of the plaintiffs Eighth Amendment rights through his 49 hour placement on restraints as described in paragraph 39 herein.

## Relief Requested

Wherefore, the plaintiff, Jason Goode, requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1) Defendants Siwicki, Williams, Donovan, Jones,

Ortyl, Massop, and Anaya actions in using excessive and unnecessary physical force on the plaintiff without need and after he was compliant and not posing a threat, or in failing to intervene to prevent the misuse of force, violated the plaintiff's rights under the Eighth Amendment to the United States constitution.

2) Defendant Sanders failures to decontaminate the plaintiff after his exposure to chemical agent, and her refusal to administer his prescription eyedrops, violated the plaintiff's rights under the Eighth Amendment to the United States constitution.

3) Defendants Quiros, Faucher, Powers, Siwicki, Williams, Pafumi, Sharp, Sanders, and Lawrence failure to release the plaintiff from In-cell restraint status for 49 hours, and in disregarding the fact that he had soiled himself with human waste, violated the plaintiff's rights under the Eighth Amendment to the United states constitution.

4) Defendant Powers failure to take corrective action in response to information indicating the existance of an illegal practice at Northern C.I. - In-cell restraint status - violated the plaintiff's rights under the Eighth Amendment to the U.S. constitution.

B. Award compensatory damages jointly and severally against each named defendant in this matter for the pain, suffering and physical injuries sustained by the plaintiff from the defendants violations of his constitutional rights as described herein.

C. Award punitive damages jointly and severally against each named defendant in this matter for their blatant and unapologetic violations of the plaintiffs constitutional rights and their willingness to damage his dignity as a human being.

D. Grant such other relief as this court may deem just and proper.

Jury Demand

The plaintiff wishes to have a trial by jury.

Respectfully Submitted

Jason Goode

Jason Goode #228240
Northern Corr. Inst.
287 Bilton Road
Somers, CT 06071

# Declaration Under Penalty of Perjury

Pursuant to 28 U.S.C. §1746, the undersigned declares under penalty of perjury that he is the plaintiff in this matter, that he has read the complaint, and that the information in the complaint is true and correct to the best of his knowledge and belief.

Executed at Somers, Connecticut on this 14th day of DECEMBER , 2011.

Jason Goode

Attachment · A

Jason Goode #228290    N.C.I.   7-15-2009

To: L. Powers, Deputy Warden of Programs & Treatment

Re. In-cell restraint status policy

This is in concerns to the policy and status entitled "In-cell restraint" and its regulation and/or practices which I have formerly been injured by; and of which I am requesting for you to investigate such claims of the overall policy for the expection and purpose of bringing about rectifying action or abrogating to in its entirety.

In general, the practices and/or procedures of In-cell-restraint status that which I have experienced and witnessed are those as followed:

Lieutenants and correction officers being consciously aware of placing me (and others) in filthy quarters, the inability of me undoing my attire to relieve myself where this results in me urinating and defecating upon myself as a consequence of staff denying my request to remove the restraints; and thus, having to eat

Page 2

my meals this way, without the necessity of having any sanitation items to clean my hands due to a certain prohibition in this policy. I've had to sleep this way despite unit staff's awareness of this. Furthermore, the in-cell restraint status has been used as a punishment on me — as well as on other inmates — when my conduct had been non-disruptive and clearly composed and no longer warranted the application of this use of force. However, housing unit staff members have unfailingly perpetuated this sort of abuse by falsifying the "restraint checklist", of which, if thoroughly examined, would show serious inquiry as to its notated accuracy.

In combination to investigating the above, I request that you explore alternative means of use of force to regulate a-then and clearly disruptive inmate. If the current means of the above-described status goes un-investigated and rectified or terminated, it will continue to be a form of corporal punishment which housing unit staff and supervisors will maliciously use.

Jason Deen

Attachment's · B

Case 3:12-cv-01205-JCH  Document 1  Filed 08/17/12  Page 25 of 32

INMATE REQUEST FORM

RECEIVED

SEP 2 2 2009

N.C.I. WARDEN'S OFFICE

TO: WARDEN A. Quiros

From: J. GOODE , INMATE No. 228240 , DATE: 9-20-0

Location: NCI · 1-E 117

RE: On 9-14-09, upon the extraction team entering
cell 107 I had partially been facing the back
wall (side ways). When ordered to get on the
floor I complied but then while doing so an
officer had pulled my hair, another had rounded
and squeezed my genitals from the right hand
side of the cell and while on the floor and being
non-resistant, another officer took his hand and
repeatedly bash the left side of my head into the
floor, causing a very deep gash near my temple
and swelling upon the left ride of my eye. Resistant
behavior or the shield did not cause this injury,
for the shield has an upward arch that can not
possibly make contact with someone head while
on the floor. The result or cause rather was due
to the officer using his head and hitting my head
against the floor while I was already subdued
and being non-resistant. I request that this
be looked into as excessive force.

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

~~~~~~~~~~~~~~~~

## *RESPONSE TO INMATE REQUEST*

**TO:**    **INMATE NAME:**    **Jason Goode #228240**        **1 East #117**

          **DATE:**                    **October 9, 2009**

*Please be advised that I have received and reviewed your allegations regarding a cell extraction.*

*Captain Rae has completed an investigation of your allegations of staff misconduct during the incident report dated 9/14/09. Based on Capt. Rae's investigating, no evidence was found to support your allegation. Therefore I consider this matter closed.*

*Warden Angel Quiros*    10/13/09

*c:*    *D/W Faucher*
       *Inmate file*

# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 96
REV 1/10/

1E·117

This form replaces Inmate Grievance Form - Level 1, which is obsolete.

| Facility/Unit: | Northern C.I. | Date: | 228240, |
|---|---|---|---|
| Inmate name: | J. Goode | Inmate number: | 10-14-09 |

**SECTION 1**          SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

A. ☒ I am filing a Grievance.     >  Complete Section 3 >>>

B. ☐ I am requesting a Health Services Review:  ☐ Diagnosis/Treatment   >  Complete Section 2 below
                                                ☐ All Other Health Care Issues  >

C. ☐ I am filing an Appeal of a: (select one below.)
   ☐ Disciplinary Action     >  Complete Section 4 >>>
   ☐ Special Management Decision    ☐ Classification Decision   >
   ☐ Publication Review Committee Decision   ☐ Furlough Decision   >  Complete Section 2 below
   ☐ Security Risk Group Designation   ☐ ADA Decision   >
   ☐ Determination of Grievance Process Abuse   >

**SECTION 2**          STATE THE PROBLEM AND REQUESTED RESOLUTION

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT. I am grieving this attached response from Warden Quiros regarding the Sept. 14 2009 incident

It is stated therein that Captain Rae investigated this incident and that my allegation of Staff misconduct are unfounded and the matter is thus closed. Quiros does not or has not provided me with a timely opportunity to challenge this investigation nor has any of the specifics of that investigation be revealed to counter CApt. Rae's conclusion.

I was seriously injured on 9-14-09 due to deliberate excessive force while I was already surrendered on the cell floor. Furthermore, I was subject to being left in restraints for more than 48 plus hours as a punishment and not having been disruptive during that period and was left in my own bodily waste due to the denial of bathroom breaks and was left to eat my food in that manner

Remedy: Disclose Some portion, if not all, of the of the self-requested investigation so I may fully and consciously contend against and initiate my transfer from NCI

| Inmate signature: | Date: 10-14-09 |
|---|---|

**For all remedies except health services, deposit this form in the Administrative Remedies box.**
**For a health services issue, deposit this form in the Health Services box.**

# Inmate Grievance Appeal Form - Levels 2/3
## Connecticut Department of Correction

CN 9604
REV 1/31/09

| Inmate name: | Jason Goode | Inmate number: | 228746 |
|---|---|---|---|

| Facility/Unit: | Northern C.I. | Housing unit: | 1-E 117 | Date: | 11-09-09 |
|---|---|---|---|---|---|

| IGP number: | 40-1160  41-10-137 | T number: | |
|---|---|---|---|

**Use this form to appeal a Level 1 decision. CN 9602, Inmate Administrative Remedy Form and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the "Administrative Remedies" box.**

### Appeal of Level 1 Decision to Level 2

I am appealing the Level 1 decision because:  Unit administrator was very vague in Level 1 grievance reply ( #41-10-125) as to divulge any portion of the investigation performed by Capt. Race so as to give griever substantial idea to challenge

| Inmate signature: *Jason Goode* | Date: | 11-9-09 |
|---|---|---|

### FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW

| Date received: **11/19/09** | Disposition: **Rejected** | Date of disposition: **01/11/10** |
|---|---|---|

Reasons:
*You are appealing a level 1-grievance concerning staff conduct which was rejected due to filing a repetitive grievance. As Warden Quiros stated per A.D. 9.6 #5E #7 a repetitive grievance may not be filed and is repetitive with grievance #141-10-125. Rejected.*

Level 2 reviewer: _____

| ☐ | This grievance may be appealed within 5 days to Level 3. |
|---|---|
| ☑ | You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered. |

### Appeal of Level 2 Decision to Level 3

I am appealing the Level 2 decision because:

| Inmate signature: | Date: |
|---|---|

**Deposit your appeal in the "Administrative Remedies" box.**

### FOR OFFICIAL USE ONLY - LEVEL 3 REVIEW

| Date received: | Disposition: | Date of disposition: |
|---|---|---|

Reasons:

Level 3 reviewer:

# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 9602
REV 1/31/09

| Facility/Unit: Northern C.I | Unit: 1·E·117 | Date: 10-11-09 |
|---|---|---|

Inmate name: Jason Goode

Inmate number: 228240

| SECTION 1 | SELECT ADMINISTRATIVE REMEDY **A**, **B** or **C** BELOW. |
|---|---|

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

**A.** ☒ **I am filing a Grievance.**
Prior to filing a grievance, you must attempt informal resolution.  Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached. Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance.        >   Refer to Section 2 below

**B.** ☐ **I am requesting a Health Services Review:**   ☐ Diagnosis/Treatment        >
                                                         ☐ All Other Health Care Issues    >   Complete Section 4    >>>>

**C.** ☐ **I am filing an Appeal of a (select one below):**
Appeals must be filed within 15 days of notification of a decision.

| ☐ Disciplinary Action | | >  Complete Section 3 below |
|---|---|---|
| ☐ Special Management Decision | ☐ Classification Decision | > |
| ☐ Media Review Committee Decision | ☐ Furlough Decision | >   Complete Section 4   >>>> |
| ☐ Security Risk Group Designation | ☐ ADA Decision | > |
| ☐ Determination of Grievance Process Abuse | ☐ Rejection of Outside Tapes/CDs | > |

| SECTION 2 | OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE |
|---|---|

Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side. >>>

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

| SECTION 3 | DISCIPLINARY SECTION -- Complete this Section for a Disciplinary Appeal ONLY |
|---|---|

You may file a Disciplinary Appeal ONLY if you have pleaded not guilty and have been found guilty at a disciplinary hearing.  If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |
| Did you have an advocate?  ☐ yes  ☐ no | If yes, name of advocate: |

| Did you identify witness(es) to the investigator?  ☐ yes  ☐ no | Did your witness(es) testify?  ☐ yes  ☐ no |
|---|---|

Name(s) of any witness(es):

Attachment's · C

To: Nancy Wienner                    Date 9-19-09

From: Jason Goode   #2322?          Unit: 1-E 117


RE. Between and/or on Sept 14 – 15th medic Wendy
had refuse to administer into my eyes my drops
for glaucoma when I had been fully restrained
by handcuffs, teether chain and leg irons, making it
~~viral~~ virutally impossible for me to do myself.
This medic clearly knows that I am affected with
glaucoma and need my eyedrops. However, she told
me to do myself, knowing I could not due to my
situation. I am requesting that the appropriate
action be taken against this medic.
   In addition to being fully restrained which effectively
prevented me from applying my eye drops, my hands
were yet contaminated with pepper spray and blood that
previously dried from the 9-14-09 incident.


10/1/09   You have always done your
          drops.

                              RECEIVED
                              SEP 2 2 2009
                              NORTHERN HEALTH SERVICES

                    K Wegin RNs

# CONFIDENTIAL
**(FOR OFFICIAL USE ONLY)**

| Inmate name: | |
|---|---|
| Inmate number: | Housing: |

| **SECTION 4** | **STATE THE PROBLEM AND REQUESTED RESOLUTION** |
|---|---|

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT. Prior to talking to Nurse Nancy Wisnner during her tour on 9-20-09 I submitted an informal resolution to her on 9-20-09 on the following matter: which she has not replied to.

On the dates of September 14th and 15th of 2009 Correctional medic Wend Sanders refused to administer my eye drops into my eyes when I was unable to do so due to me being in full restraints. My hands had been coated and contaminated with mace and dried blood from the 9-19-09 incident. This medic knows fully well that I have glaucoma and need my eye drops, however, she refused to administer by saying that I could do this my-self

Remedy: Whatever the appropriate disciplinary action calls for

| Inmate signature: | Date: 10-11-09 |
|---|---|

**For all remedies except health services, deposit this form in the <u>Administrative Remedies box</u>.**
**For a health services issue, deposit this form in the <u>Health Services box</u>.**

| **SECTION 5** | **DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW** |
|---|---|

| Date Received: 10/13/09 | IGP #: 379-10-09 | T#: |
|---|---|---|

Disposition: Denied       Date of Disposition: 10/26/09

Reason: A review of your Health Record and Medication Record IT is noted on multiple Times Where in cell you Administer your own drops. I did note when they were administered for the reasons you stated you could not on the said date. I strongly urge you not to refuse your medication and/or TREATMENT

| ☒ You have exhausted DOC's Administrative Remedies. | ☐ This matter may be appealed to: |
|---|---|
| Signature: | Date: |