UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



| | |
|---|---|
| JASON GOODE,<br>  plaintiff, | :<br>:<br>:    PRISONER |
| v. | :    CASE NO. 3:12-cv-1205(AVC)<br>: |
| ANGEL QUIROS, et al.,<br>  defendants. | :<br>: |

**INITIAL REVIEW ORDER**

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint <u>pro se</u> pursuant to 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Angel Quiros, Stephen Faucher, Lauren Powers, Brian Siwicki, Tony Williams, James Sharp, Michael Pafumi, Jon Donovan, Mike Jones, David Ortyl, Marlone Massop, David Anaya, Wendy Saunders and Shannon Lawrence. The defendants are named in their individual capacities only. The plaintiff states that the defendants used excessive force against him, denied him proper medical attention and subjected him to unconstitutional conditions of confinement while holding him for forty-nine hours on in-cell restraint status.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. <u>Id.</u>

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on September 14, 2009, a cell extraction team comprised of the defendants, Donovan, Jones, Ortyl, Massop and Anaya, in the presence of the defendants, Lieutenants Siwicki and Williams, used excessive force against him. The plaintiff states that, although he was calm, fully compliant and non-resistant, the extraction team pulled hair out of his head, pulled and twisted his genitals, slammed his head

and face into the concrete floor and sprayed him with an excessive amount of chemical agent. Following the incident, the defendant, Nurse Saunders, examined the plaintiff but failed to ensure that he was properly decontaminated from exposure to the chemical agent.

The plaintiff alleges that the defendant, Siwicki, ordered that he be escorted to the medical unit and placed on in-cell restraint status. Although the plaintiff was calm and cooperative, he remained on in-cell restraint status for forty-nine hours. The defendants, Quiros, Faucher, Powers, Pafumi, Siwicki, Williams and Sharp, were aware that the plaintiff was calm but did not order his release from in-cell restraint status. While on this status, the defendants, Saunders and Lawrence, failed to properly check the plaintiff's restraints and Saunders refused to administer prescription eye drops. The plaintiff also alleges that he was forced to urinate and defecate on himself while on in-cell restraint status.

The case will proceed on all claims at this time.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) **The Pro Se Prisoner Litigation Office shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs and mail waiver of service of

process request packets to them at the confirmed addresses within **fourteen (14) days** of this order. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the federal rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure

26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) Any motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to local civil rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 31st day of October 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
———————————————
Alfred V. Covello
United States District Judge