# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Goode,
  Plaintiff

| Civil No. 3:12CV1205 (AVC)

v.

Quiros, ET AL          | January 16, 2013
  Defendants

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT AND TANGIBLE THINGS ADDRESSED TO DEFENDANT QUIROS

Pursuant to Fed. R. Civ. P. 34, plaintiff request that the defendant (A. Quiros) produce to plaintiff the following at Cheshire Corr. Inst., 900 Highland Avenue, Cheshire, CT 06410. Defendant shall serve a written response to this request for production with 30 days after the date of service. Except where noted, the definitions applicable to these discovery requests are those set forth in D. Conn. L. Civ. R. 26. If a claim of privilege or work product is asserted in response to any of the following requests, defendant shall comply with the requirements of D. Conn. R. 26.

Production Request #1:

Hand-held camcorder recording (DVD)
dated September 14, 2009, depicting the Cell
extraction incident for plaintiff's underline visual
inspection at the correctional Facility

Production Request #2:

Controll (evidence) number to the
above DVD recording.

Production Request #3:

All photographs of plaintiff's injuries
on incident date September 14, 2009

Production Request #4

Copy of Northern Corr. Inst. medical log
page date 9-15-09

2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Goode,                              | Civil no. 3:12-cv-01205 (AVC)
    Plaintiff

V.                                  |

Quiros, et al                       | January 23, 2013
    Defendant

## Plaintiff's First Request for Production Documents And Tangible Things Addressed TO Defendant B. Siwicki

Pursuant to Fed. R.Civ. P. 34, Plaintiff request that the defendant (B. Siwicki) produce to plaintiff the following at: Cheshire Corr. Inst., 900 Highland Avenue, Cheshire, CT 06410. Defendant shall serve a written response to this request for production within 30 days after the date of service. Except where noted, the definitions applicable to these discovery requests are those set forth in D. Conn. L. Civil R. 26. If a claim of privilege or work product is asserted in response to any of the following requests, defendant shall comply with the requirements of D. Conn. R. 26

Production Request #1:

Complete Copy of Incident Report NCI 2009-
-09-051.

RESPONSE:


Production Request #2:

All disciplinary reports of non-compliant
behavior while plaintiff was on In-cell restraint
status from 9-14-09 through 9-16-09.

RESPONSE:


Production Request #3:

All pages of the 1-East housing unit log
showing correctional supervisory signatures
(captains, lieutenants, deputy wardens) from
September 14,09 through September 16,09.

Joser Hoob

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this _23rd_ day of January, 2013 to:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

By: Plaintiff _[signature]_ #22824
      Jason Goode
Cheshire Corr. Inst.
900 Highland Avenue
Cheshire, CT 06410

3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Goode,
    Plaintiff

                                |  Civil No. 3:12-cv-01205-AVC

                                |

V.

Quiros, Et Al
    Defendants            |  January 23, 2013

## PLAINTIFF'S FIRST REQUEST TO DEFENDANT SANDERS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Fed. R. Civil P. 34, plaintiff request that the defendant (W. Sanders) produce to plaintiff the following at Cheshire Correction Institution, 900 Highland Avenue, Cheshire, Connecticut 06410. Defendant shall serve a written response to this request for production within 30 days after the date of service. Except where noted, the definition applicable to these discovery request are set forth in D. Conn. L. Civil R. 26. If a claim of privileged or work product is asserted in response to any of the following requests, defendant shall comply with the requirements of D. Conn. R. 26

Production Request #1:

All medical policies, procedures, protocols and/or guidelines of the entire year of 2009 for the assessing of restraints (e.g. handcuffs, legirons, belly chain, ect.) of an inmate who is on In-cell restraint status.

Production Request #2:

Produce the medical policy or any other document detailing the procedures on Chemical agent decontamination of a prisoner for the year of 2009.

Production Request #3:

Any and all policies, institutional memos of the month of 2009 describing or informing of what the protocol was for a correction nurse to administer KOP (Keep On Person) medication to a prisoner who is on In-cell restraint status.

PRODUCTION REQUEST 4:

All medical inspection notes or memos, separate from NCI 2009-09-051, made by you concerning plaintiff injuries and his condition while on In-Cell restraint status from 9-14-09 through 9-16-09.

Joe Goebel

# CERTIFICATION

I hereby Certify that a copy of the foregoing was mailed this __23rd__ day of January, 2013 to:

Steven M. Barry
Assistant Attorney General
Mackenzie Hall
110 Sherman Street
Hartford, CT 06105

By Plaintiff: _Jason Goode_
Jason Goode #228240
Cheshire CI
900 Highland Ave
Cheshire, CT 06410

4

Northern C.I.
P.O. Box 665
Somers, CT 06071

February 25, 2013

Steven M. Barry
Assistant Attorney General

ATTORNEY GENERAL
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

Dear Attorney Barry: I am the plaintiff in
Grable v. Quiros, ET AL 3:12 cv 1205 (AVC).

The enclosed discovery requests: Plaintiff's
First Request for Production of Document And
Tangible Things Addressed To Defendant Quiros
dated January 16, 2013; Plaintiff's First Request
for Production of Documents And Things Addressed
To Defendant B. Swicki   dated January 23, 2013
and Plaintiff's First Request To Defendant
Sanders for Production of Documents And Things
dated January 23, 2013  were all mailed to

you on the above dates. As of the date of this letter it has been well over 30 days that responses are due for these requests. This correspondence is an attempt to resolve this perceived non-compliance with the prescribed discovery timeframe. Please disclose and produce the enclosed most expendiently.

Sincerely,