UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Goode,                          | Case no. 3:12 CV 1205 (AVC)
    Plaintiff

V.

Quiros, ET AL.        |  April
    Defendant         |

U.S. DISTRICT COURT
BRIDGEPORT. CONN
2013 MAY ~4  A 11: 28
FILED

Plaintiff's Memorandum Of
Law In Opposition And
Response To Defendant's
Motion To Dismiss

INTRODUCTION STATEMENT

Defendants on April 5, 2013 have
filed with this court a motion pursuant
to Rule 12 of the Fed. R.Civ.P. to
dismiss just two of the defendants
from plaintiff complaint. The defendants
move to dismiss plaintiff's claim for
declaratory relief on the premise that
there is "no actual controversy" to
be remedied and that plaintiff's

legal claims, with respects to these two
defendants, are insuffient.

   With memorandum of law prepared
plaintiff readily presents the contrary:


## Standard of Review

   On a motion to dismiss, the
allegations of the complaint must be
accepted as true.  See Cruz v. Beto,
405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed.
2d 263 (1972).   The trial court's function
" is merely to assess the legal feasibility
of the complaint, not to assay the
weight of the evidence which might be
offered in support thereof".  Geisler v.
Petrocelli, 616 f. 2d 636, 639 (2d. 1980).
" The issue is not whether a plaintiff
will ultimately prevail but whether the
claimant is entitled to offer evidence
to support the claims".  Scheuer v.
Rhodes, 416 U.S. 232, 236, 94 S. Ct.
3012, 82 L. Ed 2d 139 (1984) ( overruled

on other grounds by Davis v. Scheuer, U.S.
183, 104 S. Ct. 3012 82 L. Ed 2d 139 (1984)).

"Generally, in determining a 12(b)(6)
motion, the court may only consider those
matters alledged in the complaint, and
these matters to which the court may
take judicial notice". Spence v.
Senkowski, 1997 U.S. Dist. Lexis 1011,
1997)( citing Kramer v. Time Warner Inc.
937 f.2d 767, 773 (2d. Cir. 1991). Moreover,
"even if not attached or incorporated
by reference, a document 'upon which
(the complaint) solely relies and which
is integral to the complaint' may be
consider by the court in ruling on such
a motion". Roth v. Jennings, 489 f.3d
499, 509 (2d Cir. 2007)( quoting Cortec
Indus., Inc., Inc. v. Sumholding L.P., 949
f.2d 42, 47 (2d. Cir. 1991)).

The court is bound to give the
plaintiff the benefit to every reasonable
inference to be drawn from the "well-
pleaded" allegation of the complaint. See
Retail Clerks Intern. Ass'n, Local

3

1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, n. 6, 83 S.Ct. 1461, 10 L.Ed 2d 678 (1963); See also Arar v. Ashcroft 532 F.3d 157, 168 (2d. Cir. 2008).

Nevertheless, "the tenet that a court must accept as true all of the allegation contained in a complaint is inapplicable to legal conclusions". Ashcroft v. Iqbul 556 U.S. 662, 129 S.Ct 1937, 1949, 173 L. Ed. 2d 868 (2009).

## Deliberate Indifference under the Eighth Amendment

The Eighth Amendment prohibits the infliction of "Cruel and unusual punishment" on those convicted of crimes, which includes punishments that "involve the unnecessary and wanton infliction of pain". Gregg v. Georgia, 428 U.S. 153, 173, 49 L.Ed 2d 859 96 S. Ct. 2902 (1976). The Eighth Amendment also applies to

4

prison officials when they provide medical care to inmates. see Estelle v. Gamble 429 U.S. 47, 103, 50 LEd 2d. 251, 97 S. Ct. 285 (1976). To establish an unconstitutional denial of medical care, a prisoner must prove deliberate indifference to a serious medical need.

The deliberate indifference standard embodies both an objective and subjective prong. First the alleged deprivation must be, in objective terms, "sufficiently serious". Wilson v. Seiter, 501 U.S. 294, 298, 115 L. Ed 2d. 271, 111 S. Ct 2321 (1991). See Nance v. Kelly, 912 f. 2d 605, 607, (2d. Cir. 1990)(Pratt, J., dissenting)(standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). Second, the charged official must act with a sufficiently culpable state of mind. see Wilson, 501 U.S. at. 298.

<u>Defendant (Sanders) Was</u>
<u>Deliberately Indifferent To</u>
<u>Plaintiff's Serious Medical Needs</u>
<u>By Encouraging An Unreasonable</u>
<u>Risk To His Future Health</u>

This is far from a claim of a
prisoner grumbling about "what kind" of
medical treatment is administered to him
but that of one unconstitutionally
centered in medical apathy from a
Correction's nurse knowingly encouraged
the patient-prisoner to engage in
an exposure of "an unreasonable risk
to his future health", of which conduct
the Supreme Court had admonished
against. See <u>Helling V. Mc.Kinney</u>,
509 U.S. 25, 125 L.Ed. 2d. 22, 113 S.Ct.
2475 (1993).

Through-out the complaint and via
institutional grievances attached there to, it
is explicit that plaintiff was excessively
pepper sprayed and denied bathroom
breaks, ultimately defecating on himself.
Further evidence — when time for Summary
judgment — will reveal that no hygiene products are

6

permitted, at any time, during an inmate's placement on In-cell Restraint Status, which is a draconian status corpally bounding an individuall with chains.

In the instant action, here we have a Correction's nurse, (defendant Sanders), who was fully knowledgable of plaintiff's aforementioned circumstances but was yet supporting an extreme detrimental health risk by having then given plaintiff his eye drops, expecting or wanting, him to self-administer them with blood-dried, pepper spray-coated and fecal matter contaminated hands in the already bound position he was in.

Aside from that made in the ruling of Helling v. Mc.Kinney, 509 U.S. 25, various courts have already held that it would unconstitutional to subject a prisoner to an unreasonable risk to his future health. Smith V. U.S , 561. f. 3d 1690, 1094, 1105.

7

(10th Cir. 2009)(allegation of Knowing
of exposure to asbesto dust stated an
Eighth Amendment Claim); Gonyer v.
Mc. Donald, 874 f. Supp. 464, 466-77 (D. Mass.
1995)(allegations of free floating asbesto
fibers in prison environment raised an
Eighth Amendment claim); La Bounty
v. Coughlin, 137 f. 3d, 68, 73 (2d. Cir.
1998). Puck v. Tutuz, 384 f. Supp. 2d.
63, 74-80 (S. D. N. Y. 2004).

The court in Brown v. Hughes, 894,
f. 2d 1533 (11th Cir. 1990) held that "when
officials become aware of a threat
to an inmate's health and safety,
the Eighth Amendment proscription
against cruel & unusual punishment
imposes duty to provide reasonable
protection".

Plain as day, this reasonable
protection spoken of against an
unreasonable risk to future health, the
defendant (Sanders) did not furnish.
Moreover, in the feild of opthalmology,
it is common knowledge that irreversible

8

damage. Can occur to the optic nerve
if there is no administering of
eyedrops.

The onerous circumstances plaintiff
was under at the particular time
entirely prevented the plaintiff from
applying his eye medication. Such
practice variably still occurs as
can be evidenced via documentation.
Thus, on this matter, defendants
motion should be denied.

### Defendants were Deliberate Indifferent for failure To Provide Physical Restraint Assessment

" It is well-established that overly
tight handcuffing can constitute
excessive force". See Wall v. County
of Orange, 364 f.3d 1107, 1112 (9th
cir. 2004).

Defendants were deliberate

Indifferent to plaintiff's complaints from September 15th thru September 16th 2009 when they refused to perform any tactile restraint assessment as can be (and will be) clearly shown in the entries of their medical reports.

This wholly satisfies the deliberate Indifferent standard set forth in Estelle v. Gamble, and on this matter too, defendants' motion should be denied.

Plaintiff:

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 29th day of April, 2013 to:

Steven Berry, AA.G.
110 Sherman Street
Hartford, CT 06105

Plaintiff:

10