UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2013 JUL 10 A 11:06
DISTRICT COURT

JASON GOODE,
  plaintiff,

v.     CASE NO. 3:12-cv-1205(AVC)

ANGEL QUIROS, et al.,
  defendants.

## RULING AND ORDER

The plaintiff has filed several motions: a motion for entry of default, three motions to compel, a motion for appointment of counsel, a motion for pretrial conference, a motion to set aside deadlines and a motion for clarification. In addition, the defendants have filed a third motion for extension of time to respond to discovery.

**I.   Motion for Entry of Default [Doc. #30]**

The plaintiff asks the court to default the defendants, Quiros, Faucher, Powers, Anaya, Donovan, Jones, Massop, Ortyl, Pafumi, Sharp, Siwicki and Williams, for failure to file an answer. He contends that, because the motion to dismiss concerns only claims relating to the defendants, Lawrence and Sanders, the other defendants are in default.

The motion to dismiss concerns the substantive claims against the defendants, Lawrence and Sanders, as well as the plaintiff's request for declaratory relief. The declaratory relief requested involves all of the defendants. Therefore, the defendants are not in default and are not required to file an

answer until the court rules on the motion to dismiss. The plaintiff's motion for entry of default is denied.

## II. Motions to Compel and for Time [Docs. ##33, 34, 38, 41]

The defendants seeks an extension of time, until July 12, 2013, to respond to interrogatories dated January 23 and 16, directed to the defendants, Quiros, Saunders and Siwicki. The defendants' motion is granted. As the plaintiff's first motion to compel, Doc. #33, relates to these discovery requests, that motion to compel is denied.

The plaintiff's second motion to compel, Doc. #34, relates to discovery dated March 24, 2013, directed to the defendants, Sanders and Quiros. The plaintiff's third motion to compel, Doc. #38, concerns discovery dated April 17, 2013, addressed to the defendants, Powers, Sanders and Quiros.

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and the District of Connecticut Local Civil Rules. The local rules require that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted

2

resolution and specifying which issues were resolved and which remain. In addition, Local Rule 37(b)1 requires that the plaintiff file a memorandum in support of his motion to compel. The memorandum must contain a concise statement of the nature of the case, a specific verbatim listing of the each item of discovery sought and, immediately following each listing, set forth the reason why the item should be allowed. Copies of the discovery requests must be included as exhibits.

In the affidavits supporting the motions to compel, the plaintiff states that he wrote to defendants' counsel in a good faith effort to resolve these matters. He does not attach copies of the letters. The court cannot discern whether the plaintiff's overtures were, in fact, good faith attempts at resolution or merely demands for the requested discovery. In addition, the plaintiff has not filed the required memoranda. Accordingly the second and third motions to compel are denied without prejudice.

III. **Motion for Appointment of Counsel [Doc. #36]**

The plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. Before appointment of counsel is warranted, the indigent person must demonstrate that he is unable to obtain counsel on his own. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff states that an attorney from Inmates' Legal Assistance Program has declined assistance. He does not,

however, indicate that he made any other attempts to obtain representation or legal assistance. Because the plaintiff has demonstrated sufficiently that he cannot obtain legal assistance on his own, appointment of counsel is not warranted at this time. The plaintiff's motion for appointment of counsel is denied without prejudice.

IV. **Motion for Pretrial Conference [Doc. #37]**

The plaintiff states that the discovery period is nearly concluded and asks the court to schedule a pretrial conference. The court has granted the defendants extensions of time to complete discovery. Until discovery is completed, the court considers a pretrial conference premature. The plaintiff's motion is denied.

V. **Motion to Set Aside Deadlines [Doc. #40]**

The plaintiff asks the court to defer the order establishing new deadlines in this case until it rules on the motion for pretrial conference. As the court has denied the motion for pretrial conference, the motion to set aside deadlines is denied. The discovery deadline remains September 30, 2013, with any dispositive motions to be filed on or before October 31, 2013.

VI. **Motion for Clarification [Doc. #42]**

The plaintiff seeks clarification of docket entry #35. A copy of the court's order clearly states that the ruling was mailed to the plaintiff on May 30, 2013. As the plaintiff's

motion is dated June 5, 2013, the court assumes that the plaintiff had not received the order before filing this motion. Accordingly, the motion is denied.

## VII. Conclusion

The plaintiff's motions for entry of default [**Doc. #30**], pretrial conference [**Doc. #37**], to set aside deadlines [**Doc. #40**] and for clarification [**Doc. #42**] are **DENIED**. The plaintiff's motion for appointment of counsel [**Doc. #36**] is **DENIED** without prejudice.

The defendants' third motion for extension of time [**Doc. #41**] is **GRANTED**. No further extensions of time to respond to these discovery requests will be granted. The plaintiff's first motion to compel [**Doc. #33**] is **DENIED** in light of the granting of the extension of time. The plaintiff's second and third motions to compel [**Docs. ##34, 38**] are **DENIED** without prejudice for failure to comply with court rules. The parties are reminded that all discovery must be completed on or before **September 30, 2013**, and any dispositive motions must be filed on or before **October 31, 2013**.

**SO ORDERED** at Hartford, Connecticut this 9th day of July 2013.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge