UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOODE,<br>  plaintiff, | :<br>:<br>: |
| v. | :   CASE NO. 3:12-cv-1205(AVC) |
| ANGEL QUIROS, et al.,<br>  defendants. | :<br>:<br>: |

### RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #23]

The plaintiff, incarcerated and pro se, has filed a complaint pursuant to 42 U.S.C. § 1983. The defendants have filed a motion to dismiss the claims for declaratory relief, the claims against the defendant, Wendy Sanders, for failing to administer eye drops and against the defendants, Sanders and Shannon Lawrence, for failing to properly check the plaintiff's restraints. For the reasons that follow, the defendants' motion is granted.

### Facts

The complaint alleges the following facts relevant to the pending motion to dismiss. On September 14, 2009, a cell extraction team used excessive force against the plaintiff. Following the incident, the defendant, nurse Wendy Sanders, examined the plaintiff but failed to ensure that he was properly decontaminated from exposure to the chemical agent.

The plaintiff was then escorted to the medical unit and placed on in-cell restraint status. Although the plaintiff was

calm and cooperative, he remained on in-cell restraint status for forty-nine hours. While on this status, the defendants, Sanders and Shannon Lawrence, failed to properly check the plaintiff's restraints and Sanders refused to administer the plaintiff's prescription eye drops for him.

### Standard

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Even under this standard, however, the court liberally construes a pro se complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

## Discussion

### I. Declaratory Relief

In his prayer for relief, the plaintiff seeks a declaration that the defendants violated his Eighth Amendment rights. The defendants move to dismiss all claims for declaratory relief.

Declaratory relief is intended to enable parties to adjudicate claims before either side suffers great damages. See In re Combustible Equip. Assoc., 838 F.2d 35, 37 (2d Cir. 1988). Declaratory relief operates prospectively; it is inappropriate for past acts because all damages already have accrued. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. International Wire Group, Inc., No. 02 Civ. 10338, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003). The incidents giving rise to this action occurred in 2009. Thus, the alleged violation of the

plaintiff's rights occurred over three years ago and will be compensated by his requested damages should he prevail in this action. The court concludes that declaratory relief is inappropriate. The defendants' motion to dismiss is granted as to the claim for declaratory relief.

## II. Deliberate Indifference to Medical Needs

The defendants also move to dismiss the claims that Sanders and Lawrence were deliberately indifferent to the plaintiff's serious medical needs because they failed to properly check his restraints and Sanders failed to administer the plaintiff's eye drops during the two days the plaintiff was on in-cell restraint status.

To state such a claim for deliberate indifference to a serious medical need, the plaintiff must allege facts demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom., Foote v. Hathaway, 513 U.S. 1154 (1995). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must produce death,

degeneration or extreme pain. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). A difference of opinion regarding what constitutes an appropriate response and treatment, does not constitute deliberate indifference to a serious medical need. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Nor is negligence sufficient to establish deliberate indifference to a serious medical need. See Hathaway, 37 F.3d at 66.

    The plaintiff alleges that Sanders and Lawrence did not properly check his restraints and that Sanders did not administer his eye drops for him. The defendants contend that these allegations concede that Sanders and Lawrence did check the restraints and that the plaintiff was given his eye drops. They argue that the adequacy of checks on restraints and the decision to leave the plaintiff to administer his own eye drops constitute only a disagreement about appropriate treatment or negligence.

    The plaintiff alleges that he told Sanders on the evening of September 15, 2009, and Lawrence in the morning of September 16, 2009, that his restraints were too tight, but that they failed to perform a sufficient physical check of the restraints to confirm his assessment. The allegations indicate that Sanders and

Lawrence did check his restraints but not to the extent that the plaintiff thought necessary. This constitutes a disagreement over appropriate treatment which is not cognizable as an Eighth Amendment violation. See Chance, 143 F.3d at 702. The defendants' motion to dismiss is granted on this claim.

The plaintiff also states that Sanders refused to administer eye drops for the plaintiff's glaucoma and told the him that he could do it himself. Glaucoma is considered a serious medical need. See Richardson v. Nassau County, 277 F. Supp. 2d 196, 202 (E.D.N.Y. 2003). The denial of medication for glaucoma for a short time does not, however, rise to the level of a constitutional violation. See Cox v. District of Columbia, 834 F. Supp. 439 (D.D.C. 1992) (two week delay in providing medication for glaucoma does not constitute deliberate indifference to a serious medical need). Here, the plaintiff was not denied his medication. Rather, he was given the eye drops with the expectation that he would self-administer them. The situation lasted only two days. Even if the court were to construe the expectation that the plaintiff administer his own eye drops with unclean hands, as a denial of medication, the situation lasted only two days and does not rise to the level of deliberate indifference. The motion to dismiss is granted as to this claim.

## Conclusion

The defendants' motion to dismiss [**Doc. #23**] is **GRANTED**.

The case will proceed on the claims for use of excessive force, unwarranted placement on in-cell restraint status with the associated conditions of confinement, and failure to decontaminate the plaintiff after a chemical agent was used against him.

**SO ORDERED** at Hartford, Connecticut this 23rd day of July 2013.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello
United States District Judge