UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2013 OCT -2 P 3: 53

US DISTRICT COURT
HARTFORD CT

JASON GOODE,           :
  plaintiff,           :
               :
     v.           :    CASE NO. 3:12-cv-1205(AVC)
               :
ANGEL QUIROS, et al.,  :
  defendants.          :

**RULING ON PLAINTIFF'S MOTIONS TO COMPEL AND FOR EXTENSION OF TIME**

    The plaintiff, currently incarcerated, has filed a civil rights action pro se for use of excessive force and application of in-cell restraints by the defendants. Pending are the plaintiff's two motions to compel and motion for extension of time to complete discovery.

I. **Motion to Compel [Doc. #47]**

    In his first motion to compel, the plaintiff states that the defendants agreed in January 2013, to allow him to view the video footage, designated NCI-09-1790, of his removal from his cell. The plaintiff states, however, that, at the time he filed his motion, he had not yet seen the footage.

    In light of their agreement, the plaintiff's motion to compel is granted. The defendants are directed to arrange for the plaintiff to view the footage, unless they have already done so.

## II.  Motion to Compel [Doc. #48]

In his second motion to compel, the plaintiff challenges the defendants' responses to several interrogatories and requests for production of documents.  For the reasons that follow, this motion is denied without prejudice.

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and the District of Connecticut Local Civil Rules.  The local rules require that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute.  The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention.  See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).  If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.  In addition, Local Rule 37(b)1 requires that copies of the discovery requests at issue must be included as exhibits.

The plaintiff's motion relates to eighteen responses contained in eleven different discovery requests.  The plaintiff states that, on July 22, 2013, and August 2, 2013, he sent letters to counsel in an attempt to resolve these disputes but has received no response.  He now asks the court to order the defendants to respond to the requests as stated.

The plaintiff has attached copies of his letters to the motion to compel.  With regard to nearly all of the disputed requests, the plaintiff merely denies the defendants' objection and demands production.

The plaintiff offers a compromise with regard to only one request.  The defendants objected to the production of documents on the grounds that the information cannot be provided to inmates for safety and security reasons.  The plaintiff offered to view, but not possess, the documents.  As the defendants objected on the ground the possession of this information by an inmate would jeopardize institutional safety and security, viewing the documents does not address the objection.

The court concludes that the plaintiff has made no attempt to narrow or refine his discovery requests to resolve this dispute.  Thus, he has not met the requirements of Rule 37.  The motion to compel is denied without prejudice.

III. **Motion for Extension of Time [Doc. #49]**

In his final motion, the plaintiff seeks a ninety-day extension of time, until December 31, 2013, to complete discovery in this case.  The plaintiff's motion is granted.

## Conclusion

The plaintiff's motion to compel [**Doc. #47**] is **GRANTED**.  If they have not already done so, the defendants are directed to arrange for the plaintiff to view the video footage, NCI-09-1790, within **twenty (20) days** from the date of this order.

The plaintiffs' motion to compel [Doc. #48] is **DENIED** without prejudice.

The plaintiff's motion for extension of time to complete discovery [**Doc. #49**] is **GRANTED**.  All discovery shall be completed on or before **December 31, 2013**

So ordered this 1st day of October 2013, at Hartford, Connecticut.

/s/ Judge Alfred V. Covello
_____
Alfred V. Covello
United States District Judge

4