Jason Goode
- Plaintiff -

-v-

Angel Quiros, ET AL.,
- Defendants -

Civil Case No.

3:12-cv-1205 (AVC)

December 7th, 2013

FILED
2013 DEC 16 P 1:31
U.S. DISTRICT COURT
HARTFORD CT

# MOTION TO COMPEL DISCOVERY

Pursuant To Fed. R. Civ. P., Rule 37.5b)(ii); And D. Conn. L. Civ. R., Rule 37.5(a)(2); The plaintiff Respectfully Moves This Honorable Court To grant This Motion To Compel Discovery Request For The Following:

1. The plaintiff Has Made [Numerous] good Faith Efforts To The Defendants To Receive The Discovery Request in question [See plaintiff's Exhibit - A];

2. On Several Dates The plaintiff Has Moved This Honorable Court To Order Defendants To Turn over Discovery Request in which Defendants As of Date Have Not Turned Over To The plaintiff.

3. The Defendants Have Failed To Comply To The Courts Order To Allow The plaintiff To Re-View The [Video Footage] Designated NCI-69-1790

Ordered On October 1st 2013;

4. The Plaintiff Even Moved For An Extension Of Time Seeking Ninety-Days 90 Making Add Discovery Due December 31st 2013. However, in light Of The Defendants Blatant Default And Defiance of Court Orders The Plaintiff Cannot Move Forward without The Defendants Compliance To His Discovery Requests;

5. The Discovery Request Sought in This Motion To Compel Are The October 21st 2013 Production Of Documents To [Angel Quiros]; [Lauren Powers];

6. The Second Discovery Request Sought in This Motion To Compel Are The October 21st 2013 Interrogatories To [Lauren Powers];

7. The Third Discovery Request Sought in This Motion To Compel Are The November 19th 2013 Request For Admissions To [Perrui]; [Anaya]; [Siwicki]; [williams];

8. It is Clear By All The Enclosed Documents That The Defendants Have No intent To Make [Any] good Faith Effort To Comply with The plaintiffs Discovery Request nor The Courts Order. Under

Fed R. Civ P, Rule 37 (d); The Plaintiff Respectfully Request This Honorable Court To impose Sanctions against The Defendants For Failing To Comply with [Any] Disclosure, Interrogatories or Admissions And Court Leave To Allow Review of [Video Footage].

Wherefore, For The Foregoing Reasons Set Forth it is Respectfully Requested That This Motion To Compel Be granted.

                                                    Plaintiff, Pro Se,
                                                    Jason Goude

                    Certification

I Hereby Certify That A Copy was Mailed To The Foregoing On December 1TH 2013 To:

Steve M. Barry
Assistant Attorney General
110 Sherman Street                    Plaintiff, Pro Se,
Hartford, Ct. 06105                   Jason Goude
                                      Jason Goude
                                      Cheshire Corr. Inst.
                                      900 Highland Ave.
                                      Cheshire, Ct. 06410

# EXHIBIT A

Northern C.I.
P.O. BOX 665
Somers, CT 06071

February 25, 2013


Steven M. Barry
Assistant Attorney General


ATTORNEY GENERAL
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105


Dear Attorney Barry: I am the plaintiff in
Grabe V. Quiros, ET AL  3:12 CV 1205 (AVC).


The enclosed discovery requests: Plaintiff's
First Request For Production of Document And
Tangible Things Addressed To Defendant Quiros
dated January 16, 2013; Plaintiff's First Request
for Production of Documents And Things Addressed
To Defendant B. Swicki   dated January 23, 2013
and Plaintiff's First Request To Defendant
Sanders for Production of Documents And Things

you on the above dates. As of the date of this letter it has been well over 30 days that responses are due for these requests. This correspondance is an attempt to resolve this percieved non-compliance with the prescribed discovery time frame. Please disclose and produce the enclosed most expendiently.

Sincerely

Northern Corr. Inst.
POB 665

Somers, CT 06071


May 3, 2013



Steven M. Barry


ATTORNEY GENERAL
MacKenzie HALL
110 Sherman Street
Hartford, CT 06071


Attorney Barry: This is in regards to two separate sets of discovery requests that you have not responded to thus far. The two are entitled <u>Plaintiff's First Set of Interrogatories addressed to Defendant Sanders</u>, dated March 24, 2013 and <u>Plaintiff's Second Request for Production or document addressed To Defendant Quiros</u>, dated March 24, 2013. I am inquiring why have not these been responded to within a thirty day time frame. Please produce replies to the aforemention, or provide some written reason for your delay.

Sincerely,

Cheshire Correction
Institution
100 Highland Avenue
Cheshire, CT 0640

November 18, 2013


Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105


Attorney Barry: This correspondence is being sent to via U.S. certified mail and is concerning my initial correspondence mailed to on 10-17-13 regarding you prescheduling a telephone to speak with me about setting up a time and date for me to review the video footage (NCI-09-1789 & NCI-09-1790) which you agreed for me to review in your earlier discovery response. As of the current date of this letter to you, this video evidence— to say the least— has not been produced for my viewing nor have you provided a response to my letter dated 10-17-13 in regards to you setting up a call with me to set up a time and date for this viewing. Discovery

in this action ( Goode v. Quiros, et al )

3:12 CV 1205 (AVC) expires on 12-31-13 and it is wished that you comply, expeditious, with the request in this correspondence to call me about scheduling a time and date for this evidence to be viewed by me.


I, Jason Goode, the author of this letter, swears pursuant 28 U.S.C. 1726, penalty of perjury, that this correspondence was written on 11-18-13 and mailed to:

> Steven M. Barry
> Assistant Attorney General
> 110 Sherman Street
> Hartford, CT 06105


Sincerely,

Jason Goode

Jason Drowe #228240
Cheshire Corc. Inst.
900 Highland Ave.
Cheshire, Conn 06410

November 19th, 2013

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford Conn. 06105

Re: Discovery And Admissions Request

Dear Mr. Barry:

This Letter is to inform you that I've sent you numerous letters And Discovery Request. However, you fail to respond to any of them. Even the judge asked to show me the ones that you've still not complied with.

I sent you On _____ Discovery Request which you have not responded to. This has become a blatant disregard by you to disclose information. I very much so intend to go to the judge to have sanctions. I

Have Sent you A Certified Letter Today As
Well To Show The Court your Defying Law
And Court Orders.

I Have Enclosed Four "Request For Admissions." I
Would Like A Response To These (please) As
Well.

Respectfully,

Jason Steele

Jason Steele #228240
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

Jason Goode
-Plaintiff-
  -v-
Angel Quiros, ET AL.,
-Defendants-

Civil Case No.
3:12-cv-1205 SAVC)

December 7th 2013

# MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Pursuant To Fed. R. Civ. P., Rule 37(a)(2)(B); The Plaintiff Submits The above-named Memorandum in accordance with Federal Rules.

## Statement of Case

On August 17th 2012 The Court Filed This Complaint written By Jason Goode, who was unreasonably subjected To Excessive use Of Force By Correctional Officials On September 14th 2009 An Extraction Team Entered The Plaintiff's Cell. When This Extraction team Entered The Plaintiff's Cell The Plaintiff was Compliant And nonResistant. The Plaintiff was Pepper Sprayed, Denied Medical Care And Left Chained up in a cell For Three Days without Bathroom Breaks Causing The Plaintiff To Urinate And Defecate On Himself.

An initial Review Order was made in this matter on October 31st 2012 Ruling This Case Shall proceed.

A 210 Day Discovery Order was given, However, The Defendants Failed To Comply. ( See Exhibit - A )

Itemized List of Discovery Request not Being Acknowledged

1. Plaintiff's And Courts Order To Allow Plaintiff To Review A Video Footage Designated N.C.I-09-1790; Order October 1st 2013;

Reason Needed:

To Substantiate Each Defendants Actual involvement And To Show The Actual Assault of Plaintiff And His Compliance prior To Assault

2. Plaintiff's Production of Documents To: Angel Quiros And Lauren Powers;

Reason Needed:

To Substantiate Plaintiff's Actual injuries; Placement And Supervisors

Knowledge of Plaintiff's Compliance And Fear. To Show D.O.C policies, Training Manuals of Use of Force, Supervisors Training Manuals For Supervision of Use of Force. To Show Disciplinary Actions of All The Defendants prior To And After Plaintiffs Assault On September 14th 2009. policies Of Chemical agent Use And Certification. Photos Of Cell 103 1-EAST Door, window And Food Trap To Show Conditions And inability To View Plaintiff. All E-mails, Memos, Faxs, Notes, Texts or Reports generated Due To The September 14th 2009 incident. This is To Show Knowledge Of Officers And Supervisors Misconduct. Photos Of The Restraints Used. This is To Show jury The Type of Restraint Plaintiff was placed in That Caused His injuries And Non Use of The Bathroom.

3. Plaintiff's Request For Interrogatories To: Lauren Powers. Dated October. 21st 2013.

Reason Needed:

To Substantiate How The Procedure of How inmate Requests Are To Be Answered And Sent Back. To prove The Defendant Has The Authority To Order His Removal From in-Cells And Restraints.

4. Plaintiff's Request For Admission To: Perfumi, Arroyo; Siwicki And williams Dated November 19, th 2013.

Reason Needed:

To Substantiate The Above-Named Defendants Knowledge, Involvement, Conduct And Failure To Act.

Plaintiff, Pro Se,

Jason Goode

Jason Goode

Certification

I Hereby Certify That a Copy Of The Foregoing was mailed On December. 7th 2013 To:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Ct. 06105

Plaintiff, Pro Se,

Jason Goode

Jason Goode
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Ct. 06410

Jason Goode
- Plaintiff -                       | Civil No. 3:12-cv-1205 (AVC)

-v-

Angel Quiros, et al,               | December. 7th 2013

## AFFIDAVIT OF JASON GOODE

I, Jason Goode, Being Duly Sworn, States The Following:

1. I Am Over The Age Of (18) Eighteen Years Old And Believe In The Obligation Of An Oath.

2. I Am Currently Housed At Cheshire Correctional Institution In Cheshire Connecticut.

3. In Several Letters Dating From February. 25th 2013 To November. 19th 2013 I've Made A Good Faith Effort To Assistant Attorney General, Steven M. Barry, Attempting To Resolve Discovery Matters And His Lack Of Compliance. However, Mr. Barry Has Not Acknowledge Any Of My Letters.

4. All Of The Production Requests In My October. 21st 2013 Request Have Not Been Resolved.

5. All Of The Interrogatories In My October. 21st 2013 Request Have Not Been Resolved.

6. All Of The Admissions In My November. 19th 2013 Request Have Not Been Resolved.

I HAVE HAD THIS READ TO ME AND HAVE READ it
AND FIND it TO BE TURN TO THE BEST OF MY KN-
OWLEDGE AND RECOLLECTIONS. I DECLARE UNDER THE
PENALTY OF PERJURY THAT THIS is MY AFFIDAVIT AND
MY SIGNATURE PURSUANT TO 28 U.S.C. SEC. 1746.

Jason Goode
JASON GOODE
CHESHIRE CORR. INST.
900 HIGHLAND AVE.
CHESHIRE, CT. 06410

CERTIFICATION

I HEREBY CERTIFY THE FOREGOING WAS MAILED TO THE
COUNSEL OF RECORD ON DECEMBER. 7TH 2013 TO:

STEVEN M. BARRY
ASSISTANT ATTORNEY GENERAL
110 SHERMAN STREET
HARTFORD, CT. 06105

Jason Goode
JASON GOODE

EXHIBIT · A

EFILE,PRISONER

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:12-cv-01205-AVC

Goode v. Quiros et al
Assigned to: Judge Alfred V. Covello
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/17/2012
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Jason Goode**

represented by **Jason Goode**
Inmate 228240
CHESHIRE CORRECTIONAL
INSTITUTION
900 Highland Avenue
Cheshire, CT 06410
PRO SE

V.

**Defendant**

**Angel Quiros**

represented by **Steven M. Barry**
Office of the Attorney General--Sherman
110 Sherman Street
Hartford, CT 06105
860-808-5450
Fax: 860-808-5591
Email: steven.barry@ct.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Faucher**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lauren Powers**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian Siwicki**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tony Williams**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**James Sharp**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Michael Pafumi**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Jon Donovan**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Mike Jones**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**David Ortyl**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Marlone Massop**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**David Anaya**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Wendy Sanders**

represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Shannon Lawrence**            represented by **Steven M. Barry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2012 | 1 | PRISCS - COMPLAINT against David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams, filed by Jason Goode. (Corriette, M.) (Entered: 08/17/2012) |
| 08/17/2012 | 2 | PRISCS - MOTION for Leave to Proceed in forma pauperis by Jason Goode. (Corriette, M.) (Entered: 08/17/2012) |
| 09/18/2012 | 3 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Alfred V. Covello on 9/18/12. (Corriette, M.) (Entered: 09/18/2012) |
| 09/18/2012 | 4 | PRISONER LITIGATION UNIT NOTICE: This case has been selected for the District of Connecticut's Prisoner Litigation Scanning Project. All Notice of Electronic Filings (NEFs) generated in this case will be transmitted to a designated DOC email box to be distributed to you, letting you know a filing has occurred in your case. If a document is associated with the NEF, it will be mailed to you in hard copy via U.S. Mail either by the court or the opposing party. You may also submit your documents for filing to a prison official who will scan and then transmit them to the court for filing on your case by the Clerk of Court for the District of Connecticut. When your documents have been filed by the Clerk, you will receive an NEF indicating your documents have been entered on the docket of your case.Signed by Clerk on 9/18/12. (Corriette, M.) (Entered: 09/18/2012) |
| 10/23/2012 | 5 | PRISCS - ELECTRONICORDER granting 2 Motion for Leave to Proceed in forma pauperis. If you change your address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that you must notify the court. Failure to do so can result in dismissal of your case. Signed by Judge Holly B. Fitzsimmons on 10/23/12. (Corriette, M.) (Entered: 10/23/2012) |
| 10/31/2012 | 6 | INITIAL REVIEW ORDER. Signed by Judge Alfred V. Covello on 10/31/12. (Ferguson, L.) (Entered: 11/02/2012) |
| 10/31/2012 | | Answer deadline updated for David Anaya to 1/15/2013; Jon Donovan to 1/15/2013; Stephen Faucher to 1/15/2013; Mike Jones to 1/15/2013; Shannon Lawrence to 1/15/2013; Marlone Massop to 1/15/2013; David Ortyl to 1/15/2013; Michael Pafumi to 1/15/2013; Lauren Powers to 1/15/2013; Angel Quiros to 1/15/2013; Wendy Sanders to 1/15/2013; James Sharp to 1/15/2013; Brian Siwicki to 1/15/2013; Tony Williams to 1/15/2013., ( Discovery due by 6/7/2013, Dispositive Motions due by 7/8/2013). Signed by Judge Alfred V. Covello on 10/31/2012. (Payton, R.) (Entered: 11/07/2012) |
| 11/07/2012 | 7 | PRISCS-NOTICE to Prisoner Plaintiff Regarding Service. Signed by Clerk on 11/7/2012. (Payton, R.) (Entered: 11/07/2012) |
| 11/28/2012 | | PRISCS - REQUEST FOR WAIVER of Service sent to All Defendants on 11/28/12 by Jason Goode. Waiver of Service due by 1/2/2013 (Corriette, M.) (Entered: 11/28/2012) |
| 12/06/2012 | 8 | PRISCS-WAIVER OF SERVICE Returned Executed as to Michael Pafumi waiver sent on 11/28/2012, answer due 1/27/2013. filed by Jason Goode. (Payton, R.) (Entered: 12/07/2012) |

| 12/06/2012 | 9 | PRISCS-WAIVER OF SERVICE Returned Executed as to Lauren Powers waiver sent on 11/28/2012, answer due 1/27/2013; James Sharp waiver sent on 11/28/2012, answer due 1/27/2013. filed by Jason Goode. (Payton, R.) (Entered: 12/07/2012) |
| 12/10/2012 | 10 | PRISCS-WAIVER OF SERVICE Returned Executed as David Anaya waiver sent on 11/28/2012, answer due 1/27/2013; David Ortyl waiver sent on 11/28/2012, answer due 1/27/2013; Tony Williams waiver sent on 11/28/2012, answer due 1/27/2013. filed by Jason Goode. (Payton, R.) (Entered: 12/11/2012) |
| 12/17/2012 | 11 | PRISCS-WAIVER OF SERVICE Returned Executed as to Stephen Faucher waiver sent on 11/28/2012, answer due 1/27/2013. filed by Jason Goode. (Payton, R.) (Entered: 12/21/2012) |
| 12/19/2012 | 12 | PRISCS-WAIVER OF SERVICE Returned Executed as to Shannon Lawrence waiver sent on 11/28/2012, answer due 1/27/2013. filed by Jason Goode. (Payton, R.) (Entered: 12/21/2012) |
| 12/28/2012 | 13 | ENTERED IN ERROR - PRISONER LITIGATION UNIT NOTICE: This case has been selected for the District of Connecticut's Prisoner Litigation Scanning Project. All Notice of Electronic Filings (NEFs) generated in this case will be transmitted to a designated DOC email box to be distributed to you, letting you know a filing has occurred in your case. If a document is associated with the NEF, it will be mailed to you in hard copy via U.S. Mail either by the court or the opposing party. You may also submit your documents for filing to a prison official who will scan and then transmit them to the court for filing on your case by the Clerk of Court for the District of Connecticut. When your documents have been filed by the Clerk, you will receive an NEF indicating your documents have been entered on the docket of your case.. Signed by Clerk on 12/28/12. (Corriette, M.) Modified on 12/28/2012 (Corriette, M.). (Entered: 12/28/2012) |
| 01/07/2013 | 14 | PRISCS- NOTICE of Appearance *Official and Individual Capacity* by Steven M. Barry on behalf of David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams (Payton, R.) (Entered: 01/08/2013) |
| 01/07/2013 | 15 | PRISCS-WAIVER OF SERVICE Returned Executed as to Brian Siwicki waiver sent on 11/28/2012, answer due 1/27/2013. filed by Jason Goode. (Payton, R.) (Entered: 01/08/2013) |
| 02/07/2013 | 16 | PRISCS- MOTION for Extension of Time 60 days up to and including April 5, 2013 to file responsive pleading to 1 Complaint, by David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams. (Payton, R.) (Entered: 02/14/2013) |
| 02/28/2013 | 17 | ORDER granting 16 motion for extension of time to file a response to the complaint to and including April 5, 2013. Signed by Judge Alfred V. Covello on 02/28/13. (Covello, Alfred) (Entered: 02/28/2013) |
| 02/28/2013 |  | Answer deadline updated for All Defendants to file a response to the complaint to and including April 5, 2013. (Alexander, R.) (Entered: 02/28/2013) |
| 03/13/2013 | 18 | First MOTION for Extension of Time until April 27, 2013 To Respond To Discovery by David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams. (Barry, Steven) (Entered: 03/13/2013) |
| 03/14/2013 | 19 | MOTION For An Order To Compel Discovery by Jason Goode.Responses due by 4/4/2013 (Ghilardi, K.) (Entered: 03/14/2013) |

| 03/14/2013 | 20 | Memorandum in Support re 19 MOTION to Compel filed by Jason Goode. (Ghilardi, K.) (Entered: 03/14/2013) |
|---|---|---|
| 03/20/2013 | 21 | EXHIBIT to 19 MOTION to Compel by Jason Goode (Blough, B.) (Entered: 04/03/2013) |
| 04/03/2013 | 22 | PRISCS- MOTION to Modify Scheduling Order re: 6 Initial Review Order by Jason Goode.Responses due by 4/24/2013 (Payton, R.) (Entered: 04/03/2013) |
| 04/05/2013 | 23 | MOTION to Dismiss by David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams.Responses due by 4/26/2013 (Attachments: # 1 Memorandum in Support, # 2 Notice To Pro Se Litigant) (Barry, Steven) (Entered: 04/05/2013) |
| 04/11/2013 | 24 | ORDER granting 18 motion for extension of time within which to respond to discovery requests to and including April 27, 2013. Signed by Judge Alfred V. Covello on 04/11/13. (Covello, Alfred) (Entered: 04/11/2013) |
| 04/11/2013 | 25 | ORDER denying 19 motion to compel without prejudice; the court having extended the time within which the defendants may respond to the plaintiff's discovery requests. Signed by Judge Alfred V. Covello on 04/11/13. (Covello, Alfred) (Entered: 04/11/2013) |
| 04/15/2013 | 26 | PRISCS- MOTION for Extension of Time to File Response/Reply 30 days from April 26,2013 to May 26, 2013 as to 23 MOTION to Dismiss by Jason Goode. (Payton, R.) (Entered: 04/16/2013) |
| 04/24/2013 | 27 | PRISCS- MOTION for an Order to have defendants issue copy of 18 First MOTION for Extension of Time until April 27, 2013 To Respond To Discovery. by Jason Goode. (Payton, R.) (Entered: 04/25/2013) |
| 04/26/2013 | 28 | Second MOTION for Extension of Time until May 13, 2013 To Respond To Discovery by David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams. (Barry, Steven) (Entered: 04/26/2013) |
| 05/01/2013 | 29 | PRISCS-Memorandum in Opposition/Response to 23 MOTION to Dismiss filed by Jason Goode. (Payton, R.) (Entered: 05/02/2013) |
| 05/20/2013 | 30 | MOTION for Default Entry 55(a) as to all defendants by Jason Goode. (Payton, R.) (Entered: 05/21/2013) |
| 05/22/2013 | 31 | ORDER granting 26 motion for extension of time to file response/reply to the motion to dismiss to and including May 26, 2013; granting 28 motion for extension of time to respond to discovery, nunc pro tunc, to and including May 13, 2013. Signed by Judge Alfred V. Covello on 05/22/13. (Covello, Alfred) (Entered: 05/22/2013) |
| 05/23/2013 | 32 | Set/Reset Deadlines as to 23 MOTION to Dismiss . Responses due by 5/26/2013 (Alexander, R.) (Entered: 05/23/2013) |
| 05/23/2013 | 33 | Renewed MOTION for an Order to Compel Discovery by Jason Goode.Responses due by 6/13/2013 (Ferguson, L.) (Entered: 05/29/2013) |
| 05/24/2013 | 34 | MOTION for an Order to Compel Discovery by Jason Goode.Responses due by 6/14/2013 (Attachments: # 1 Memorandum in Support, # 2 Affidavit of Jason Goode, # 3 Plaintiff's First Set of Interrogatories addressed to Defendant W. Sanders)(Ferguson, L.) (Entered: 05/29/2013) |
| 05/24/2013 | 35 | RULING AND ORDER denying as prematurely filed 27 Motion for Order; granting 22 Motion for Extension of Time. Signed by Judge Alfred V. Covello on 05/22/13. (Ferguson, L.) (Entered: 05/29/2013) |

| 05/24/2013 | | Set Deadlines: Discovery due by 9/30/2013, Dispositive Motions due by 10/31/2013 (Ferguson, L.) (Entered: 05/29/2013) |
|---|---|---|
| 05/31/2013 | 36 | MOTION to Appoint Counsel by Jason Goode. (Attachments: # 1 Declaration in Support of Indigency)(Ferguson, L.) (Entered: 06/03/2013) |
| 05/31/2013 | 37 | MOTION for Pretrial Conference by Jason Goode. (Ferguson, L.) (Entered: 06/03/2013) |
| 06/05/2013 | 38 | PRISCS- MOTION for Order to Compel Discovery by Jason Goode.Responses due by 6/26/2013 (Payton, R.) (Entered: 06/05/2013) |
| 06/05/2013 | 39 | PRISCS- Memorandum in Support re 38 MOTION for Order to Compel Discovery filed by Jason Goode. (Payton, R.) (Entered: 06/05/2013) |
| 06/06/2013 | 40 | PRISCS - MOTION to Set Aside Newly Ordered Deadlines re 35 Ruling & Order on Motion for Order, Order on Motion to Amend/Correct by Jason Goode. (Ferguson, L.) (Entered: 06/07/2013) |
| 06/10/2013 | 42 | MOTION for Clarification re 35 Order on Motion for Order, Order on Motion to Amend/Correct by Jason Goode. (Ferguson, L.) (Entered: 06/12/2013) |
| 06/11/2013 | 41 | Third MOTION for Extension of Time until July 12, 2013 TO RESPOND TO DISCOVERY by David Anaya, Jon Donovan, Stephen Faucher, Mike Jones, Shannon Lawrence, Marlone Massop, David Ortyl, Michael Pafumi, Lauren Powers, Angel Quiros, Wendy Sanders, James Sharp, Brian Siwicki, Tony Williams. (Barry, Steven) (Entered: 06/11/2013) |
| 07/10/2013 | 43 | RULING AND ORDER denying 30 Motion for Default Entry 55(a); denying 33 Motion to Compel; denying without prejudice 34 Motion to Compel; denying without prejudice 36 Motion to Appoint Counsel ; denying 37 Motion for Conference; denying without prejudice 38 Motion to Compel; denying 40 Motion to Set Aside ; granting 41 Motion for Extension of Time ; denying 42 Motion for Clarification. Signed by Judge Alfred V. Covello on 7/9/13. (Ferguson, L.) (Entered: 07/10/2013) |
| 07/24/2013 | 44 | -PRISCS - MOTION for Extension of Time until 8/8/13 to file pursuant to Rule 7(c) of the L.R. Civ. P. by Jason Goode. (Ferguson, L.) (Entered: 07/24/2013) |
| 07/24/2013 | 45 | - PRISCS - RULING granting 23 Motion to Dismiss. Signed by Judge Alfred V. Covello on 7/23/13. (Ferguson, L.) (Entered: 07/26/2013) |
| 08/13/2013 | 46 | ORDER granting 44 motion for extension of time within which to file a motion for reconsideration, nunc pro tunc, to and including August 8, 2013. Signed by Judge Alfred V. Covello on 08/13/13. (Covello, Alfred) (Entered: 08/13/2013) |
| 08/29/2013 | 47 | - PRISCS - MOTION for an Order to Compel Discovery by Jason Goode.Responses due by 9/19/2013 (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Memorandum in Support, # 4 Exhibit)(Ferguson, L.) (Entered: 08/30/2013) |
| 08/29/2013 | 48 | - PRISCS - MOTION for an Order to Compel Discovery by Jason Goode.Responses due by 9/19/2013 (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Affidavit, # 4 Exhibit, # 5 Exhibit)(Ferguson, L.) (Entered: 08/30/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/10/2013 15:15:25 | | |
| **PACER Login:** | ia0078 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-01205-AVC |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT·B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Goode,
    Plaintiff                    | Civil No. 3:12 cv-1205(AVC)

Vs.

Quiros, et al               |    March 12, 2013
      Defendants

Plaintiff's Motion for An Order
To Compel Discovery

Pursuant Rule 37(a)(2) of the Fed. R. Civ. P. and
Rule 37(a) of the Local Rules of Civil Procedure for the
D. Conn.; Plaintiff moves this court for an
order to compel discovery from Defendant
based on the information that follows:

1. On the 16th of January, 2013 Plaintiff
mailed to Defendant, Plaintiff's first
Request for Production of Documents
And Tangible Things Addressed To
Defendant Quiros ; attached hereto,
along with: Plaintiff's First Request
To Defendant Sanders for Production
Of Documents And Things, dated
January 23, 2013 and Plaintiff's

SCANNED at
and Emailed
3-13-13 by CMB 18 pages
date        initials    No.

First Request for Production of Documents
And Tangible Things Addressed To Defendant
B. Siwicki   also dated: January 23, 2013.

2.   None of the afore mentioned discovery
      requests were produced within a
      thirty day time frame.

3.   Plaintiff has duly attempted to confer
      with counsel, as required under
      Local Rule 37(a), to resolve the
      non-compliance of disclosure by
      mailing counsel a letter dated
      February 25, 2013 attached hereto
      and which counsel has not provided
      a response to as of the date of
      this Motion.

      Substantiated by the foregoing reasons
      it is respectfully sought for that this
      honourable court order the defendant(s)
      to full disclosure of the above
      mentioned discovery requests

                              Plaintiff

<u>CERTIFICATION</u>

I hereby certify That a copy of this foregoing was mailed this 12th day of March, 2013 to:

Steve M. Barry
Assistant Attorney General
Mackenzie Hall
110 Sherman Street
Hartford, CT 06105-2294


Plaintiff

Jason Goode
Northern Correction
Institution
P.O. Box 665
Somers, CT 06071

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Goode,<br>Plaintiff | Civil no. 3:12-cv-1205 (AVC) |
| V. | |
| Quiros, et al<br>Defendants | March 12, 2013 |

## Plaintiff's Memorandum In Support of Motion for An order To Compell Discovery

Plaintiff submits the above-named memorandum in accordance with Rule 37(b)(1) of the Local Rules of Civil Procedure for THE District of Connecticut.

## STATEMENT OF CASE

On August 17, 2012 the court filed this complaint written by pro se plaintiff, Jason Goode, who was unreasonably subjected to excessive use of force by a correctional extraction team on September 14, 2009, while simultaneously being deliberately assaulted

when Plaintiff had been in a state of non-resistance, subsequently pepper sprayed without due justification, deliberately denied medication for a serious medical need, left chained up in a cell for approximately three days long after any alleged threat had transpired and was denied bathroom breaks while chained up, which had cause Plaintiff to urinate and defecate on himself.

An Initial Review was made in this case on October 31, 2012, ruling that this case would proceed

A 210 day time frame for discovery was given in this action and of which defendants have failed, thus far, to comply with. See attached motion and following itemized list

ITEMIZED LIST OF DISCOVERY REQUEST NOT Being Acknowledged

1) Plaintiff's first Request for Production of documents And Tangible Things Addressed To Defendant Quiros on

January 16, 2013. See enclosed copy of this discovery request for nature of the various requests contained therein.

Reason needed: No reason set this time to state for this discovery request as Defendant merely have failed to answer.

2) Plaintiff's first Request for Production of Documents And Tangible Things Addressed To Defendant B. Siwicki, dated January 23, 2013. See enclosed copy of this discovery request for the nature of the request found therein

Reason needed: Reason same as above.

3) Plaintiff first Request To Defendant Saunders for Production of Documents And Things, dated 23, 2013.

Enclosed is a copy as well of this
request and what it seems.

Reason needed:   No reason to state as
                 Defendant has not provided
                 any response.


                              Plaintiff
                              _Jason Goode_
                                Jason Goode


                    CERTIFICATION


        I hereby certify that a copy of the
foregoing was mailed this __12th__ day of
March, 2013 to

    Steven M. Berry
    Assistant Attorney General
      110 Sherman Street
      Hartford, CT 06105-2294


                              Plaintiff
                              _Jason Goode_
                                Jason Goode

Jason Goose
Plaintiff

Civil No: 3:12 cv1205 (JVC)

-pl-

Angel Quiros, ET AL,   October. 21st 2013

<u>Plaintiff's Request For Production of Documents</u>

Pursuant To Fed. R. Civ. P. Rule 34, And D. Conn.
L. Civ. R, Rule 26, The Plaintiff Respectfully
Request That The Defendant's ( Angel Quiros)
produce The Following Documents To The
Plaintiff, And shall Be do within Thirty (30)
Days of Receipt And give written Response.

<u>Production Request #1:</u>

All/Each Copy(s) of Northern Corr. Inst. (N.
C.I.) Medical Log Book Sign in/out's "Referred"
To As/May Reflect plaintiff's grievances And
Remarks As Well As Defendant's Sign in/out's
dated September. 14th - 16th 2009.

<u>Answer:</u>

<u>Production Request #2:</u>

All/Each photograph's Taken of The plaintiff

'S injuries On/or After September. 17th 2008.

Answer:

Production Request #3:

All/Each Administrative Directives, Unit And overall CS, CSI in Effect On September. 17th 2009.

Answer:

Production Request #4:

All/Each Department of Corrections "Use of Force" Training Manuals Aside From Administrative Directives 6.5 F.A.D. 6.58 in Effect on September. 17th 2009 Used To Train All Defendants.

Answer:

Production Request #5:

All/Each Department of Corrections "Management of Aggressive Behavior (MOAB)" Training Materials Aside From Administrative Directives 6.5 F.A.D. 6.58 in Effect on September. 14th 2009 Used To Train All Defendants.

-2-

<u>Answer:</u>

<u>Production Request #6:</u>

All/each Department of Corrections "Training Materials" of "Supervision of Use of Force," aside from Administrative Directives 6.5 YA.A.O.5 & in effect on September 14th 2009 used to train all Defendants.

<u>Answer:</u>

<u>Production Request #7:</u>

All/each Department of Corrections documents concerning "professional competence/incompetence, conduct/misconduct or performance" done on all Defendants on/for after September 14th 2009 until present pursuant to Administrative Directives 2.5 and 2.6, 2.7 as well as 2.17 at the Newtown Court Inst. or its Agents.

<u>Answer:</u>

<u>Production Request #8:</u>

All/each Department of Corrections "Grievan-

And Log Sheets, And/nurses Hearing Review Log Sheets" From September 14th 2007 Pursuant To Administrative Directives 9.6 And 8.9 (A.D.'s 9.6; 8.9) At The Northern Corr. Inst. (N.C.I.) Held/ in The Control of Defendants.

Answer:

Production Request #9:

All/Each Department of Corrections Documents Relating To "Chemical Agent Deployment And Certification" Aside From Administrative Directives 6.5 (A.D.'s 6.5; 6.5.1) in Effect on/or After September 14th 2007 Held By or in control of The Defendants or Their Agency.

Answer:

Production Request #10:

All/Each Close-up Photograph of Cell 103 Cell in Owen's East Housing Unit, Door, windows And Food Service Trap At The Northern Corr. Inst. To Be Taken By Defendants To Show Cell in Chair.

Answer:

Production Request #11:

All/each Department of Corrections "Video Cameras" of Medical Cell within Houses the plaintiff on September 15, 2009 inclusive DVD Contract numbers, at the Norman Cor. Inst.

Answer:

Production Request #12:

All/each Department of Corrections "emails, faxes, memos, notes or reports" generated by the Defendant Concerning plaintiffs in-cell placement from September 17th 16th, 2009 held in the Control of the Defendant @ N.C.I or agents.

Answer:

Production Request #13:

All/each Department of Corrections produces "photographs" of the Restraints used on the plaintiff on September 14th 16th, 2009 to show Cause of Chain @ N.C.I or Agents.

-5-

*Answer:*

*Production Request #18:*

Any/each Department of Corrections "Complaints" against "Medical And Custody Supervisors" concerning "improper in-cell Restraint Checks" from the year 2009 to present held in control of Defendant to show Cause or Claims at the Northern Corr. Inst.

*Answer:*

Plaintiff, Pro Se

Jason Crabb

*Certification*

I, Hereby Certify that a true copy was provided on 21st of October 2013 to:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

Plaintiff, Pro Se,

Jason Acors, #228240
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

-7-

Jason Frost
Plaintiff

-v-

Angel Quiros, et al.,

Civil No. 3:12cv1205 (AVC)

October. 21st, 2013

Plaintiff's Request For Production of Documents

Pursuant To Fed. R. Civ. P. Rule 34, And D. Conn. L. Civ. R. Rule 26, The plaintiff Respectfully Request That The Defendant & Hereon Forward produce The Following Documents To The plaintiff And Should Do So within Thirty (30) Days of Receipt And give Written Response.

Production Request #1:

All Jason Frost Department of Corrections (Herein incorporated D.O.C.) Housing Unit Cell Assignment Sheets of The plaintiff During The Time of your Employment At The Northern Correctional institution (Herein incorporated N.C.I) inclusive of dates To Sub Cause of Claims.

Answer:

Production Request #2:

Any/Each D.O.C N.C.I Housing Units Log Entries "Recorded" To Only Show Attendance, Alertnnness and Completion of Times within you were Employed At N.C.I from 2009 to 2010 To Show Cause of Claim.

Answer:

Production Request #3:

Any/Each D.O.C N.C.I job description while Employed from 2009 to 2010.

Answer:

Production Request #4:

Any/Each D.O.C N.C.I E-mails, Faxes, Memos, Notes or Reports generated by the Defendants concerning plaintiffs in-cell placement from September 15th-16th, 2009 while Employed from 2009 to 2010 To Show Cause of Claim.

Answer:

Production Request #5:

- 2 -

All/each D.O.C N.C.I "Complaints" or "Any of" the Defendants Concerning "Misconduct and Excessive Force" by Means of "Restraints or Gear" while you were Employed From 2008 to 2010 To Show Cause of Claims inclusive of Dates and Times.

Answer:

Production Request #6:

All/each D.O.C N.C.I "Complaints or Investigations" of "Any of" the Defendants Concerning "in-cell" Abuse, Excessive Force By Means of "Restraints," Failure of "in-cell" Restraint Checks By "Medical or Custody Supervisors" that Lead To investigations From your Time of Employment 2008 to 2010 To Show Cause of Claims inclusive of Dates and Times.

Answer:

Plaintiff, Pro Se,

_____

Jason Goode, #228240

-3-

<u>Certification</u>

I, Hereby Certify That a True Copy was sent on 21st Day of October 2013 To:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

Plaintiff, Pro Se,

Jesus Arias, 238040
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

-4-

Jason Jacobs
Plaintiff

Civil No. 3:12 CV 1205 (JCH)

-v-

Angel Quiros, et al.,

October 21st 2013

Plaintiff's Request For Interrogatories To Defendant Lauren Powers First Set

Pursuant To Fed. R. Civ. P, Rule 33, The Plaintiff Respectfully Request That Defendant Lauren Powers Respond To The Following interrogatories within Thirty (30) Days Of Receipt And give written Response.

Response / Objection #1:

During your Employment From July, 2009 To May, 2011 At Northern Correctional Institution (Herein incorporated N.C.I.) State As To whether you Became aware or were informed Of The plaintiff's placement on in-cell Restraint Status Dated September 18th, 2009.

Answer:

Response / Objection #2:

-1-

Identify The procedure of How The Plaintiff's inmate Request Forms TCN 9601S Would Be Received By you During your Employment At N.C.I. From July, 2009 To May, 2010?

Answer:

Response/Objection #3:

Identify The procedure Of How The Plaintiff's inmate Request Forms TCN 9601S Would Be Answered And Sent Back To The Plaintiff During your Employment At N.C.I. From July, 2009 To May, 2010?

Answer:

Response/Objection #4:

State While Employed At N.C.I As Deputy Warden Of "Programs And Treatment" From July, 2009 To May, 2010 if you Had The Authority To Order The Plaintiff "Returned And Removed" From "in-cell And Restraint Status" From September. 14th 16th, 2009?

Review:

Response/Objection #5:

State for what Moore would ever have the "unacceptable" to have "caused this Plaintiff "Response from Reserved from include "have the "Response". On Objection #10 deny and then has "caused it have taken to ¶¶ 6-7

Overview:

Plaintiff Pro Se

_____

James Evans #_____
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

Certification

I hereby certify that a true copy was mailed
21st Day of October 2013 to:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

Plaintiff Pro Se,

Jason Barnes, #283240

George Jason
-Plaintiff-

-v-

Aniyeh Quiros, et al.,

Civil No. 3:12 CV 1205 (AVC)

November 19th 2013

## REQUEST FOR ADMISSIONS

Pursuant To Rule 36 Fed. R. Civ. P., The Plaintiff request that Defendant "Quiros" admit the following admissions.

1. Admit or Deny, that you were working as the Lieutenant in the year of 2009 at the Northern Correctional Institution.

2. Admit or Deny, that you were working as the First Shift Supervisor on the 1st day at 9:15:09 AM the Northern Correctional Institution.

3. Admit or Deny, that you were the Lieutenant Supervisor who escorted the Plaintiff to Frena Med cell #1 in the Northern Correctional Institutional Approval unit to Type 1, East-203 in-cell.

4. Admit or Deny, that while being escorted to the in-cell the Plaintiff was compliant, calm and had

Cooperative.

5. Admit or Deny, That prisoners on in-cell Status Remain on that Status Based on there Behavior while placed on in-cell Status.

6. Admit or Deny, That prisoners Behavior is Monitored By The in-cell Restraints Check Sheets.

7. Admit or Deny, That Based On Those in-cell Restraint Check Sheets you As A Supervisor Determine whether To Keep A prisoner on That Status Based On The in-cell Restraint Check Sheets.

8. Admit or Deny, That you As A Supervisor Can Remove A prisoner On The in-cell Status if you Can Determine By your in-cell Restraint Checks That The prisoner is No-Longer Disruptive, Assaultive, Calm And Cooperative.

9. Admit or Deny, That your "Very Familiar" with The "whole" in-cell Restraints Status placements And Removals.

Respectfully Submitted,

_Jason Goode_

Jason Goode #228240
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

## CERTIFICATION

I Hereby Certify That a Copy of The Foregoing was Mailed This _19th_ Day of _November_ 2013 To:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

Plaintiff, Pro Se,

_Jason Goode_

Jason Goode #228240

Jason Accor
Plaintiff-
-v-
-Defendants-
Angel Quiros ETAL

Civil No. 3:12 cv1205 JAVAS

November 19th 2013

## REQUEST FOR ADMISSIONS

Pursuant To Rule 36 For. R. Civ. P. of The Plaintiff request that Defendant Angel Quiros admit the following admissions.

1. Admit or Deny That you were working as a Lieutenant in the year of 2009 at The Northern Correctional Institution.

2. Admit or Deny That on The Dates of 9.14.09 you were One of Three Lieutenants who Responded to The J-East Having Unit Cell-107 at The Northern Correctional Institution Believed The Plaintiff's Cell Window was Covered.

3. Admit or Deny That when you ran The Other Defendants Covered The Plaintiff's Cell He was Compliant.

4. Admit or Deny that the plaintiff was standing against the rear wall now resistant

5. Admit or Deny that the plaintiff was then you away because to the floor and hand cuffed

6. Admit or Deny that while on the floor the plaintiff was still complaining and now resistant

7. Admit or Deny that while on the floor the plaintiffs' hand was ripped from his head.

8. Admit or Deny that Defendants then slammed into the plaintiffs' head bypass the cruiser to cell floor causing pain and a bogo cut.

9. Admit or Deny that is a supervise your surprise to supervise the correction to shore sua sponte Defendants act within D.O.C policies.

10. Admit or Deny that you believe the "Defendants acted professionally on 3.14.09 being the core correction of the plaintiffs.

11. Admit or Deny, that you have the written

Complaints Against you Concerning Extractions And in-Cell Restraints To The Warrants At Northern Corr. Inst. From The years 2008 to 2013.

12. Admit or Deny That On 9-14-12 As The Shift Supervisor and Because Attempted Defendant "Ortyl" To Assault Another prisoner During A Cell Extraction in The I-Unit-205 Cell in The Same Manner As This plaintiff by Means of Having His Head Slammed Repeatly Against The Concrete Cell Floor.

13. Admit or Deny That The prisoner "Kenyas L. Joseph Sekou-Castellano" in fact wrote you up And Defendant Ortyl As Well As Filed A Civil Complaint Against you Both "Sekou-Castellano vs. Arnone, et al, 3:12cv 1518 TMVCF."

Respectfully Submitted,

_Jason Goode_

Jason Goode #228240
Cheshire Corr. Inst.
900 Highland Ave.

Cheshire, Conn. 06410

# CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 19th day of November 2013 to:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105


Jason Grouse #228240
Plaintiff, Pro Se.

Jason Crouse
Plaintiff
- V -
- Defendants -
Angel Quiros Et Al,

Civil No. 3:12 CV 1205 SRU'S

November 19th, 2013

## REQUEST FOR ADMISSIONS

Pursuant To Rule 36 Fed. R. Civ. P, The Plaintiff Request That Defendant "Siwicki" Make The Following Admissions.

1. Admit or Deny, That you were Working As A Lieutenant On First Shift On The Date of 9-17-09 At Northern Corr. Inst.

2. Admit or Deny, That you were working As A Lieutenant Supervisor At The Northern Corr. Inst From The years 2009 To 2013.

3. Admit or Deny, That on The Date of 9-17-09 you Were One Of Three Lieutenants who Responded To The I Cott Housing Unit Cell - 207 At The Northern Corr. Inst. Because The Plaintiff's Cell window was Covered.

4. Admit or Deny, That when you and the other Defendants entered the plaintiffs' cell he was Compliant and standing against the rear wall non Resistant.

5. Admit or Deny, That you sprayed The Plaintiff with chemical agent and then Brought To The Floor and Handcuffed.

6. Admit or Deny, That while on The Floor The plaintiff was still compliant and Non Resistant.

7. Admit or Deny, That while on The Floor The plaintiffs' hair was Ripped From His Head.

8. Admit or Deny, That Defendants Then slammed The plaintiffs' Head against The concrete cell Floor Causing pain and a Deep Cut.

9. Admit or Deny, That As a Supervisor your suppose To Supervise The Extraction To Make Sure All Defendants Act within D.O.C Policies.

10. Admit or Deny, That you Believe "All" Defendants Acted professionally on 9.14.09 During The Cell Extraction Of The Plaintiff.

11. Admit or Deny, That you have Had written Complaints Against you Concerning Extractions And in-cell Restraints To The wardens At Northern Corr. Inst. From The years 2009 to 2013.

12. Admit or Deny That Prisoner's on in-cell Status Remain on That Status Based On Their Behavior While placed on in-cell Status.

13. Admit or Deny, That Prisoner's Behavior is Monitored By The in-cell Restraints Check Sheets.

14. Admit or Deny, That Based On These in-cell Restraints Check Sheets you As A Supervisor Determine Whether To Keep A Prisoner On That Status Based On The in-cell Restraint Check Sheets.

15. Admit or Deny, That you As A Supervisor Can Remove A Prisoner on The in-cell Status if you Can Determine By your in-cell Restraint Checks That The Prisoner is No Longer Disruptive, Assaultive Calm And Compliant or Cooperative.

16. Admit or Deny, That your "Very Familiar" with The "Whole" in-cell Restraints Status placements And Removals.

Respectfully Submitted,

_Jason Hood_____.

Jason Goose #228240
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

## CERTIFICATION

I hereby Certify That a Copy of The Foregoing was Mailed This ____19th____ Day of ____November____ 2013
To:

Steven M. Burry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

_Jason Hood_____.

Jason Goose #228240
Plaintiff, Pro Se,

Jason Brown
- Plaintiff -

- v -

- Defendants -
Angel Quiros, et al.,

Civil No. 3:12 cv 1205 TPS(S)

November 14th 2013

## REQUEST FOR ADMISSIONS

Pursuant to Rule 36 Fed. R. Civ. P. the plaintiff hereby request that defendant "Williams" make the following admissions.

1. Admit or deny that you were working as a lieutenant/supervisor at the Northern Corr. Inst. from the years 2009 to 2013.

2. Admit or deny that you were working as a lieutenant on first shift on the date of 9-14-09 at Northern Corr. Inst.

3. Admit or deny that on the date of 9-14-09 you were one of three lieutenants who responded to the Northern Corr. Inst. Housing Unit Cell-207 at the Northern Corr. Inst. because the prisoner's cell window was covered.

4. Admit or Deny, That when you And The Other Defendants Entered The Plaintiff's Cell he was Compliant And Standing Against The Rear was non Resistant.

5. Admit or Deny, That you Sprayed The Plaintiff with Chemical Agent And Then Brought To The Floor And Handcuffed.

6. Admit or Deny, That While On The Floor The Plaintiff was Still Compliant And non Resistant.

7. Admit or Deny, That while on The Floor The Plaintiff's Hair was Ripped From His Head.

8. Admit or Deny, That Defendants Then Slammed The Plaintiff's Head Against The Concrete Cell Floor Causing Pain And A Deep Cut.

9. Admit or Deny, That As A Supervisor it's your Duty To Supervise The Extraction To Make Sure All D.O.C Policies Are Met.

10. Admit or Deny, That you Believe "All" Defendants Acted Professionally on 9.14.09 During The Cell Extraction of The Plaintiff.

11. Admit or Deny that you have had several written complaints against your conducting extractions in-cell restraints and misuse of force to the windows at Northern Core Unit from the years 2009 to 2013.

12. Admit or Deny that prisoners on in-cell status are remain on that status on other in-cell status. Hazuie while Okeon on in-cell status.

13. Admit or Deny that prisoners Bottemine is monitored by the in-cell restraints check sheets.

14. Admit or Deny that based on those in-cell restraint check sheets you as a supervisor botterey the whether to keep a prisoner on that status posted on the in-cell restraint check sheets.

15. Admit or Deny that you as a supervisor can remove a prisoner on the in-cell status if you can botterey by your in-cell restraint check that the prisoner is valing or disruptive for polities. Others compliant and copostive.

16. Admit or Deny that your "very familiar with the within in-cell restraint status statements for prisoners.

Respectfully Submitted,

_____

Jason Goone #228240
Cheshire Corr. Inst.
900 Highland Ave.
Cheshire, Conn. 06410

## CERTIFICATION

I hereby Certify That A Copy of The Foregoing
was Mailed This ___19th___ Day of ___November___ 2013
To:

Steven M. Barry
Assistant Attorney General
110 Sherman Street
Hartford, Conn. 06105

_____

Jason Goone #228240
Plaintiff, Pro Se,