```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT
```

**JASON GOODE**
      – **PLAINTIFF**

    **v.**                                                                    **12-CV-1205(AVC)(TPS)**

**QUIROS, ET AL**
      – **DEFENDANTS**

## RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff brings this motion to appoint *pro bono* counsel for the limited purpose of representation at the upcoming settlement conference before Magistrate Judge Smith. Plaintiff argues that having appointed counsel would help facilitate settlement and engender fairness. For the reasons stated below, the motion (Dkt. #81) is **DENIED**.

The court has considerable discretion in appointment of counsel. See*,* e.g., Ferelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003). Before appointment of counsel is warranted, the indigent person must demonstrate that he is unable to obtain counsel on his own. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). On July 10, 2013, the court denied plaintiff's prior motion for appointment of counsel because plaintiff was unable to demonstrate that he'd made sufficient attempts to obtain counsel on his own. Dkt. #43.

1

In plaintiff's renewed request, this time for limited purpose, plaintiff does not assert that he has made any additional attempts at obtaining counsel. See Chalasani v. United Cerebral Palsy, No. 10 Civ. 01045, 2011 WL 2207567, at *6 (S.D.N.Y. June 1, 2011) ("The Court should also consider whether the plaintiff has attempted to obtain a lawyer, ...") (citing Cooper V. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)).

Had plaintiff plead attempts to obtain counsel, his motion would still be deficient. Plaintiff has not demonstrated why appointment of counsel for the limited purposes of a settlement conference would "increase the likelihood of a just determination." Cole v. Richardson, No. 09-CV-3395, 2010 WL 2773584, at *1 (E.D.N.Y. July 12, 2010). In making this decision, the court considers the indigent's "ability to investigate the crucial facts…the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Ferelli, 323 F.3d at 203-04 (quoting Hodge, 802 F.2d at 61-62). The issues in this case are not complex and plaintiff is articulate and able to express the basis of his claims. Kansas v. Smith Dep't. of Corr., No. 06-3146-KHV, 2008 WL 4534242, at *1 (D.Kan. Oct. 7,

2

2008). Plaintiff has previously demonstrated the requisite knowledge to prosecute his claims. Id. Additionally, plaintiff and defendant's counsel have previously demonstrated the ability to productively confer. Dkt. #81. Simply because the settlement conference is to be held before a Magistrate Judge is insufficient reason to warrant expenditure of limited CJA funds.

Accordingly, plaintiff's motion for the appointment of counsel for the limited purpose of a settlement conference is denied.

**Dated at Hartford, Connecticut this \_\_\_\_ day of March, 2015.**

/s/ Thomas P. Smith
**THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE**